## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT ALLEN SKINNER,

      Plaintiff,

v.                                    No. 1:22-cv-00901-KWR-DLM

LORENZO MATA, MARKA SALAS,
PAMELA DAVIS, ALEXANDER PAPPAS,
HECTOR DELGADO,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Plaintiff Robert Allen Skinner's Third Amended *pro se* Prisoner Civil Rights Complaint. (Doc. 69) (the "Complaint"). Also before the Court are Plaintiff's Motion Requesting an Order to Supply Materials and Access to Lawyers (Doc. 55); Plaintiff's Motion Requesting Counsel, etc. (Doc. 56); Plaintiff's Motion to Compel Charlotte County Jail, Florida to Supply Legal Access (Doc. 59); Plaintiff's Motion seeking pro bono counsel (Doc. 60); and Plaintiff's Motion seeking leave to file a third amended complaint (Doc. 67). Plaintiff's Motion seeking leave to file a third amended complaint shall be granted and the third amended complaint (the Complaint presently before the Court) shall be screened pursuant to 28 U.S.C. § 1915A. The remaining motions shall be denied.

I.     <u>Skinner's Motion for Leave to Amend is Granted.</u>

      Skinner sought leave to file a third amended complaint on April 10, 2023 (Doc. 67). While that motion was pending, he filed a his third amended complaint on April 17, 2023. (Doc. 69). Rule 15(a)(2) of the Federal Rules of Civil Procedure, governing second and subsequent amendments, allows a party to amend its pleading with the court's leave and cautions that "[t]he court should

freely give leave when justice so requires." As this case is pending screening, Skinner's complaint has not been served upon or answered by any defendant. Finding no interests of justice that would be served by denying it, Skinner's Motion for leave to file a third amended complaint (Doc. 67) is granted. Skinner's third amended complaint, previously designated herein as "the Complaint," is herein construed as Skinner's operative pleading.

II.    Facts.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes, but does not decide, that the following facts taken from the allegations in the Complaint are true.

The Complaint identifies two defendants: Guadalupe County New Mexico Sheriff Lorenzo Mata, and Mata's secretary, Marka Salas. (Doc. 69 at 2). Skinner sues these defendants under 42 U.S.C § 1983 for their alleged involvement in his extradition from New Mexico to Florida, where he is presently incarcerated and awaiting trial on Florida state charges. (Doc. 69 at 4). The lawsuit was filed originally in the United States District Court for the Middle District of Florida which transferred the case to this Court in November 2022. (Doc. 53).

Skinner alleges that on June 3, 2021, a circuit court judge in Charlotte County, Florida issued a warrant for his arrest based on his alleged involvement in burglary and grand theft of a residence. (Doc. 69 at 17). On June 18, 2021, Skinner was arrested in Guadalupe County New Mexico and charged with possession of a stolen vehicle. (Doc. 69 at 17). The arresting officer booked him to Guadalupe County Detention Center in Santa Rosa, New Mexico (the "Guadalupe County Jail"). (Doc. 69 at 18).   When the arresting officer ran Skinner's name though NCIC, he discovered a warrant for Skinner's arrest in the state of Florida. (Doc. 69 at 17-18). On July 8, 2021, the State of New Mexico filed a fugitive complaint against Skinner in the Guadalupe County

magistrate Court, alleging that he was extraditable to Florida. (Doc. 69 at 45). At an arraignment on the fugitive complaint, Skinner refused to waive extradition and denied that he was person sought in fugitive complaint. (Doc. 69 at 13). He denies it still. (Doc. 69 at 13). On September 17, 2021, the magistrate court entered a stipulated motion to dismiss the fugitive complaint without prejudice because Florida had not timely served Skinner with governor's warrant. (Doc. 69 at 19). Because the criminal charges against him for possession of a stolen vehicle were still pending in state district court, Skinner remained in jail despite the magistrate court's order. (Doc. 69 at 16).

In the meantime, on September 2, 2021, a Florida assistant state attorney sought an application for requisition of a governor's warrant to the executive office of Florida, alleging that skinner was in Guadalupe County, *Texas* and refusing to waive extradition. (Doc. 69 at 18). The governor's warrant was not served upon Skinner in the Guadalupe County Jail. (Doc. 69 at 19). It is not clear whether the magistrate court was aware of the existence of the Florida governor's warrant issued on September 2, 2021, when it entered its stipulated order dismissing the fugitive complaint.

At some point between October 15 and November 16, 2021, Salas and/or Mata allegedly contacted authorities in Florida and notified them that Skinner was available for immediate extradition. (Doc. 69 at 14-15, 20). On November 16, 2021, an extradition agent hired by Florida state authorities picked up Skinner from the Guadalupe County Jail and transported him to Texas, from where he was transported by another agent to Florida. (Doc. 69 at 20). On November 22, 2021, the State of New Mexico entered a Nolle Prosequi notice, dismissing the pending criminal charges against Skinner without prejudice "in the interest of justice, as [Skinner] ha[d] been extradited to the State of Florida on pending charges." (Doc. 69 at 64)

Skinner claims that Mata and Salas improperly allowed extradition without a governor's warrant describing him as the person to be seized. (Doc. 69 at 23). He also claims that they violated his Constitutional right to challenge whether he was the person identified in Florida's fugitive complaint through a petition for a writ of habeas corpus. (Doc. 69 at 12). The Complaint is devoid of factual allegations pertaining to the previously identified Defendants, Pamela Davis, Alexander Pappas, and Hector Delgado.

III.   Discussion.

   A.   Standard of Review.

Where, as here, a prisoner civil rights action is removed from state court, the Court screens the claims under 28 U.S.C. § 1915A.   *See Carr v. Zwally*, 760 F. App'x 550, 553-54 (10th Cir. 2019) (§ 1915A provides for *sua sponte* review of inmate complaints against government officials, even if they are removed from state court).   Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).   The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail,

it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.*   It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

   B.   <u>Pleading Standards Governing § 1983 Claims</u>.

      42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States" a person acting under color of state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). More specifically, a plaintiff must allege that each government official, through the official's own individual actions, violated his Constitutional rights. *Ashcroft*, 556 U.S. at 676; *McGee v. Lawless*, 524 F. App'x 585, 587 (10th Cir. 2020). There must also be a connection between the official conduct and the Constitutional violation. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

   C.   <u>Extradition</u>.

      Article IV of the United States Constitution provides that: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive authority of the tate from which he fled, be delivered up, to be

removed to the State having Jurisdiction of the Crime." Art. IV, § 2, cl. 2. The Extradition Act, 18

U.S.C. § 3182, implements procedures applicable to this constitutional command. It provides:

> Whenever the executive authority of any State or Territory demands any person as
> a fugitive from justice, of the executive authority of any State. . . to which such
> person has fled, and produces a copy of an indictment found or an affidavit made
> before a magistrate of any State . . . charging the person demanded with having
> committed treason, felony, or other crime, certified as authentic by the governor or
> chief magistrate of the State . . . from whence the person so charged has fled, the
> executive authority of the State . . .   to which such person has fled shall cause him
> to be arrested and secured, and notify the executive authority making such demand,
> or the agent of such authority appointed to receive the fugitive, and shall cause the
> fugitive to be delivered to such agent when he shall appear. If no such agent appears
> within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C.A. § 3182.

Additionally, "[t]he majority of states, including New Mexico, have adopted the Uniform

Criminal Extradition Act ("UCEA")[.]" *Scull v. New Mexico*, 236 F.3d 588, 596 (10th Cir. 2000);

*see* NMSA 1978 §§ 31-4-1 through 31-4-31 (the "NMUCEA"). As the UCEA is considered

derivative and/or implementing of Article IV's extradition clause and § 3182, it is established that

a violation of the UCEA may provide a basis for a § 1983 claim. *Id.*; *Ortega v. City of Kansas City,*

*Kan.*, 875 F.2d 1497, 1500 (10th Cir. 1989). However, there is no "federal right of asylum . . . on

the part of a fugitive from justice in any state to which he has fled" nor does federal law recognize

a claim arising from the return of a party from one state to another without lawful authority. *Mahon*

*v. Just.*, 127 U.S. 700, 715 (1888).

D.   The Complaint Fails to State a Claim Upon Which Relief May be Granted.

Skinner's allegations against Salas and Mata essentially comprise two claims.   One for an

alleged failure to adhere to the process set forth in the NMUCEA as it relates to the extradition

itself, and the other for an alleged deprivation of the right to seek habeas relief to challenge whether

6

he was the person identified in Florida's fugitive complaint.

    1.  <u>The Allegations Concerning the Extradition Process do not State a Viable Claim</u>.

When a person is arrested in one state because he is a fugitive from justice in another state, the lawful authority to arrest and detain him is ultimately derived from the constitution and laws of the United States. *Roberts v. Reilly*, 116 U.S. 80, 94 (1885); Art. IV, § 2, cl. 2; 18 U.S.C. § 3182. Conversely, when a person is arrested and detained in a state because he has violated state criminal laws, the lawful authority to arrest and detain him is derived from state law, independently of whether the person is also a fugitive from justice in another state. The NMUCEA provides distinct procedural safeguards applying to each circumstance.

When a person is arrested in New Mexico solely because of a demand for extradition from another state, the "governor" (meaning any person performing the functions the governor by authority of the law of the state) must decide whether to comply with the demand.[1] NMSA 1978 §§ 31-4-1, 31-4-7. If she decides that the demand should be complied with, she must sign an arrest warrant, authorizing the arrest and delivery to the demanding state of the accused. NMSA 1978, § § 31-4-7, 31-4-8.   If an arrest without a governor's warrant is made by a police officer possessed of "reasonable information that the accused stands charged in the courts of a state with a crime punishable by . . . imprisonment for a term exceeding one year, " the accused must be taken before a judge and a complaint made against him setting forth the ground for the arrest and an opportunity

---

[1] When another state demands extradition, the demand must include a written statement alleging that the accused was in the demanding state when the alleged crime was committed and that that he subsequently fled from the state, it must include a copy of the indictment or information supported by affidavit, it must include a copy of any resulting warrant, and the documents must be authenticated by the executive authority of the demanding state. NMSA 1978 § 31-4-3.

to heard as if he had been arrested on a warrant. NMSA 1978, § 31-4-14. In that case, the accused may be held in a county jail for up to thirty days to allow the governor to issue an arrest warrant based on the demand of the other state. NMSA 1978, § 31-4-15. These provisions allow for a fugitive to be arrested in the asylum state based on probable cause determinations made in another state for a reasonable time to properly effect a requisition.

Alternatively, when the accused is the subject of criminal prosecution in New Mexico, "the governor, in [her] discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in [New Mexico]." NMSA 1978, § 31-4-19. In this circumstance, the NMUCEA does not require a governor's warrant to precede the arrest—the lawfulness of which is a matter of probable cause that the arrestee has committed a crime in New Mexico—the detention, or the extradition. Instead, the Legislature invested the state authorities with discretion to determine whether to surrender him on demand of the other state or to hold him in New Mexico throughout the pendency of the criminal case against him.

Skinner alleges that he was arrested in New Mexico for, and charged with, possession of a stolen vehicle. Skinner does not challenge the lawfulness of his arrest or detention on New Mexico criminal charges. These charges remained pending during his incarceration in the Guadalupe County Jail and Skinner's own allegations show that the pendency of the New Mexico charges validated his continued detention even after the magistrate court dismissed the fugitive complaint. The existence of the fugitive complaint from Florida was discovered by the arresting officer, but New Mexico authorities had an independent basis to arrest and detain him. Skinner's claims against Mata and Salas arising from allegations that they caused him to be extradited before a "governor's

warrant" was issued and served upon him, is premised on the notion that the process due was that prescribed in §§ 31-4-7, 31-4-8 or 31-4-14. But this is not a circumstance in which a fugitive from justice was arrested based only on the existence of a demand from another state. The facts alleged suggest that Skinner's extradition was governed, instead, by § 31-4-19 and that Mata and Salas's conduct was consistent with the process prescribed therein. To recognize a § 1983 claim against Mata and Salas on the facts alleged here would contravene the well-established principle that there is not a federally recognized right to asylum in a state to which a fugitive has fled. *Mahon*, 127 U.S. at 715. This claim will therefore be dismissed.

    2.  <u>The Habeas Corpus Allegations Fail to State a Viable Claim.</u>

Before a fugitive in custody is extradited to the demanding state, he has the right to challenge the authority of the asylum state by seeking a federal writ of habeas corpus. *White v. Boulder Cnty.*, Co, 44 F. App'x 912, 913 (10th Cir. 2002); *Gee v. State of Kansas*, 912 F.2d 414, 416 (10th Cir.1990); *Crumley v. Snead*, 620 F.2d 481, 484 (5th Cir.1980) ("A state prisoner "has a right secured by the Constitution and laws of the United States to a pre-extradition habeas corpus hearing in the asylum state."); *Payne v. Burns*, 707 F.2d 1302, 1303 (11th Cir. 1983) (same); *accord* NMSA 1978, § 31-4-10. "[A] court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *New Mexico, ex rel. Ortiz v. Reed*, 524 U.S. 151, 152 (1998).

There is, however, no constitutional *requirement* that the validity of every extradition be tested by a habeas corpus proceeding." *Payne v. Burns*, 707 F.2d at 1303. Thus, the delivery of in-

custody plaintiff to another jurisdiction while petition for writ of habeas corpus pending could entitle plaintiff to relief under 42 U.S.C. § 1983, *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir.1980); *Ortega v. City of Kansas City, Kan.*, 875 F.2d 1497, 1500 (10th Cir. 1989), but if he fails to seek the writ, or fails to show that state actors wrongfully prevented him from doing so, he does not have an actionable claim. *Payne*, 707 F.2d at 1303 (petitioner must seek the writ before a claim arises under § 1983); *Coulson v. Saunders*, No. 18-3128-SAC, 2018 WL 4538450, at *3 (D. Kan. Sept. 21, 2018) (simply stating a desire to pursue habeas relief is insufficient).

Skinner alleges that Mata and Salas violated his due process rights by failing to offer him the opportunity to file a petition for a writ of habeas corpus and by allowing him to be extradited to Florida before he could seek habeas relief. As Skinner does not allege that he filed a petition for a writ of habeas corpus that was pending before he was extradited or that Mata and Salas somehow wrongfully prohibited him from filing such petition, the allegations concerning habeas relief fail to state a viable § 1983 claim. Skinner was detained in the Guadalupe County Jail for nearly five months. During that time, it was his right and his prerogative to seek habeas relief, but there is no indication in the Complaint that he acted upon that right. Mata and Salas cannot be held liable for Skinner's inaction. The claim must therefore be dismissed.

Further, having been extradited to Florida, Skinner has lost the right to file a habeas petition based on events that occurred in New Mexico. *White*, 44 F. App'x at 913 ("[O]nce the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." (quoting *Gee* 912 F.2d at 416.)). To the extent Skinner wishes to challenge his identity as the person who fled from justice in Florida, the matter must be resolved by the Florida courts.

IV.    <u>Leave to Amend</u>.

Generally, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. Hall, 935 F.2d at 1109. Skinner shall be granted a thirty-day deadline within which to file an amended complaint. If he declines to timely amend, the Court may dismiss the case with prejudice.

V.    <u>The Remaining Motions</u>.

Skinner seeks the appointment of pro bono counsel to represent him in this action. (Docs. 55, 56, 60). "Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Skinner's case does not appear particularly complex, and he has not demonstrated an inability to prosecute the action. The Court will therefore deny the motions to the extent they seek the appointment of counsel.

Skinner also seeks to compel the county jail in Florida to supply him with legal and writing materials. (Docs. 55, 59). This Court does not have authority to order the county jails of Florida to supply materials to its detainees. The motions shall be denied accordingly. To the extent Skinner believes his constitutional rights are at stake by virtue of any alleged deprivation of legal materials or other supplies, he may wish to file a lawsuit in the state or federal courts of Florida to vindicate those rights.

**IT IS ORDERED THAT**:

1. Plaintiff's Motion seeking leave to file a third amended complaint **(Doc. 67)** is **GRANTED**.

2. The Third Amended *pro se* Prisoner Civil Rights Complaint **(Doc. 69)** is **DISMISSED WITHOUT PREJUDICE.**

3. The Motion Requesting an Order to Supply Materials and Access to Lawyers **(Doc. 55)** is **DENIED**.

4. The Motion Requesting Counsel, etc. **(Doc. 56)** is **DENIED**.

5. The Motion to Compel Charlotte County Jail, Florida to Supply Legal Access **(Doc. 59)** is **DENIED.**

6. The Motion seeking pro bono counsel **(Doc. 60)** is **DENIED**.

7. Plaintiff is granted leave to file an amended complaint **WITHIN THIRTY DAYS.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**