IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ALLEN SKINNER,

    Plaintiff,

v.                                No. 1:22-cv-0901 KWR/DLM

LORENZO MATA, MARKA SALAS,
PAMELA DAVIS, ALEXANDER
PAPPAS, HECTOR DELGADO,

    Defendants.

## ORDER DIRECTING ISSUANCE OF NOTICE AND WAIVER OF SERVICE FORMS AND DISPOSING OF PENDING MOTIONS

**I.  Waiver of Service**

This matter is before the Court on Plaintiff's Fourth Amended Complaint for Violation of Civil Rights. (Doc. 80.) Plaintiff claims, *inter alia*, that Defendants violated his due process rights by extraditing him to Florida to stand trial on criminal charges in violation of statutorily prescribed extradition procedures. Having reviewed the Complaint *sua sponte* under 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(b)(6), the Court finds the claims must be resolved on a full record and after a *Martinez* investigation, if appropriate. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (The Tenth Circuit "allow[s] a court authorized report and investigation by prison officials to determine whether a pro se prisoner's allegations have any factual or legal basis. These reports are referred to as *Martinez* reports.").

The Court will give Defendants an opportunity to waive formal service requirements before ordering personal service by the U.S. Marshals. The costs of service may be imposed on any Defendant if the Court finds that they declined to waive personal service without good cause.

## II. Pending Motions

Also before the Court are Plaintiff's Motion to Appoint Counsel, filed May 2, 2023 (Doc. 72); Plaintiff's Motion Requesting Service of Complaint, filed May 31, 2023 (Doc. 81); Plaintiff's Motion to Consent for Magistrate Judge to Hear Case, filed May 31, 2023 (Doc. 82); Plaintiff's Motion to Stay, filed May 31, 2023 (Doc. 83); and Plaintiff's Motion to Lift Stay, filed September 25, 2023 (Doc. 89). The Court disposes of these motions as follows.

### A. The Motion to Appoint Counsel is Denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year and only a small number of attorneys available to accept these request, *see id.*, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness . . . ." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's Fourth Amended Complaint, which has survived screening and is pending a disposition on the merits, does not appear particularly complex, and Plaintiff has demonstrated that he is capable of presenting his claims and prosecuting this action.

### B. The Motion Requesting Service of Complaint is Granted.

The Motion Requesting Service of Complaint shall be granted consistent with the

discussion set forth in part I of this Order.

### C. The Motion to Consent to Magistrate Judge is Granted.

In his Motion to Consent for Magistrate Judge to Hear Case, Plaintiff indicates his consent for "any assigned magistrate judge to oversee pretrial proceedings" in this case. (Doc. 82 at 1.) This motion shall be granted insofar as the docket shall reflect Plaintiff's consent to a magistrate judge's oversight of pretrial proceedings. Plaintiff is advised that the consent of *all parties* is required for a magistrate judge to fully "conduct a civil action or proceeding, including a jury or nonjury trial." *See* Fed. R. Civ. P. 73(a).

### D. The Stay Motions are Moot.

Plaintiff's Motion for Stay was pending when Plaintiff filed his Motion to Lift Stay. Since this case was never stayed, pursuant to the Motion for Stay or otherwise, the Motion to Lift Stay is effective only insofar as it may be construed as withdrawing the request for relief presented in the Motion for Stay. Both motions shall be terminated as they are moot.

**IT IS ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of the Complaint (Doc. 80), on Defendants using the following addresses provided by Plaintiff on page 2 of the Complaint:

> Lorenzo Mata
> Guadalupe County Sheriff's Office
> 565 River Road #1
> Santa Rosa, New Mexico 88435
>
> Marka Salas
> Guadalupe County Sheriff's Office
> 565 River Road #1
> Santa Rosa, New Mexico 88435

(Doc. 80 at 2).

**IT IS FURTHER ORDERED** that:

(1)     Plaintiff's Motion to Appoint Counsel (Doc. 72) is **DENIED** without prejudice.

(2)     Plaintiff's Motion Requesting Service of Complaint (Doc. 81) is **GRANTED** as set forth in Section I of this Order.

(3)     Plaintiff's Motion to Consent for Magistrate Judge to Hear Case (Doc. 82) is **GRANTED** as set forth in section II, part C, of this Order.

(4)     The Motion to Stay (Doc. 83), and the Motion to Lift Stay (Doc. 89) shall be **terminated** as moot.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE