IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ALLEN SKINNER,

    Plaintiff,

v.                                        No. 1:22-cv-0901 KWR/DLM

LORENZO MATA, MARKA SALAS,
PAMELA DAVIS, ALEXANDER
PAPPAS, HECTOR DELGADO,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER
## DENIAL OF APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff Robert Allen Skinner's December 7, 2023 Motion to Reconsider Motion to Appoint Counsel. (Doc. 113.)[1] Skinner has previously requested that the Court appoint counsel or reconsider a denial of appointment of counsel on six separate occasions. (Docs. 3; 13; 28; 56; 60; 72.)[2] Each of those requests have been denied: three times by two United States Magistrate Judges from The United States District Court for the Middle District of Florida and once by the undersigned United States Magistrate Judge.

In his original Motion for the Appointment of Counsel (Doc. 3), Skinner did not give a reason why Counsel should be appointed. Indeed, United States Magistrate Judge Mac R. McCoy

---

[1] Although Skinner's Motion to Reconsider references Document 51 as the Court's denial of his request for appointment of counsel, review of the docket indicates that document is an Order transferring this case from the United States District Court for the Middle District of Florida. (Doc. 51.) The Court construes Skinner's Motion (Doc. 113) as a request to reconsider its September 28, 2023 Order denying Plaintiff's Motion to Appoint Counsel. (Doc. 92.)

[2] Skinner initially filed his *pro se* suit in on April 25, 2022, in the United States District Court for the Middle District of Florida asserting claims under the Fifth and Fourteenth Amendment. (Doc. 2.) On November 21, 2022, this matter was transferred from the Middle District of Florida to this District. (Doc 51.) Since the initial filing of suit the Skinner has Amended his complaint five times. (Docs. 17; 31; 63; 69; 80.)

1

found that there were no exceptional circumstances that would necessitate appointment of counsel. (Doc. 5.) Skinner then, in his first motion to reconsider and a later second motion for appointment of counsel, asserted that his case is "novel and complex" and that his incarceration makes it difficult to litigate his case. (Docs. 13; 28.) Judge McCoy and then United States Magistrate Judge Kyle C. Dudek found that exceptional circumstances did not exist that would merit appointment of counsel. Since this matter has been transferred to this District, Skinner has argued that he does not have a way to conduct research, the litigation is complex, he takes medication, it is difficult for him to understand the law, and this prejudices his case. (Docs. 56; 72; 113.) For the reasons outlined below the Court will again refrain from appointing counsel for Skinner and will deny the motion.[3]

Motions for reconsideration are not recognized in the Federal Rules of Civil Procedure. *Ysaus v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Because the "Court's . . . ruling was not a final judgment[,]" Skinner's motion to reconsider "is considered 'an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" See *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). The Court's authority to decide a motion to reconsider is found in Federal Rule of Civil Procedure 54(b), pursuant to which the court "can freely reconsider its prior rulings." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M.

---

[3] Defendant's Lorenzo Mata and Marka Salas, the only two Defendants who have appeared, did not file a response within the time prescribed under the Local Rules of Civil Procedure. D.N.M. LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion.") And while the Court recognizes that D.N.M. LR-Civ. 7.1(b) allows the failure to respond to constitute consent to grant the motion, the Court will nevertheless deny Skinner's motion.

2015)); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Med Flight Air Ambulance, Inc.*, 2018 WL 1997292, at *5 (quoting *Lujan*, 122 F. Supp. at 1238 (internal quotation marks omitted)).

In cases like this, Courts lack the authority to appoint counsel to represent an indigent prisoner. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). If, such as here, a plaintiff is granted leave to proceed *in forma pauperis*, the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Nevertheless, in a civil case there is no right to the appointment of counsel. *Beaudry v. Corrs. Corp. of Am.,* 331 F.3d 1164, 1169 (10th Cir. 2003). In determining whether to solicit voluntary assistance of counsel, courts consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised in the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Yet the burden is on the plaintiff to persuade the court that there is adequate merit to his claim to justify the appointment of a request for voluntary assistance of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The Court is not persuaded that there is exceptional merit or complexity in Skinner's claim to warrant the relief requested. In reviewing Skinner's filings, he appears to understand court procedure, the issues of the case, and to be representing himself in an intelligent and capable manner. During the pendency of this litigation Skinner has amended his complaint five times (Docs. 17; 31; 63; 69; 80) and filed seven motions for appointment of counsel (Docs. 3; 13; 28; 56; 60; 72; 113), a variety of other motions (Docs. 8; 15–16; 19; 27; 35; 38; 41; 47; 49–50; 55; 59; 67; 70; 77; 81–83; 89; 97–98; 103–04; 107), and two responses (Docs. 105; 116). Accordingly,

the Court will deny the Plaintiff's latest Motion to Reconsider Appointment of Counsel. (Doc. 113.)

THEREFORE, IT IS ORDERED that the Motion to Reconsider Appointment of Counsel (Doc 113) is **denied**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE