IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

————————————————

ROBERT ALLEN SKINNER,

     Plaintiff,

v.                                   No. 1:22-cv-0901 KWR/DLM

LORENZO MATA and
MARKA SALAS,

     Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Damian Martínez's

Proposed Findings and Recommended Disposition ("PFRD") filed June 3, 2024 (Doc. 149), and

Defendants' Objections to the PFRD filed June 14, 2024 (Doc. 150). Plaintiff did not object to the

PFRD.[1] The PFRD recommends in part that the Court grant in part and deny in part Defendants'

Motion to Dismiss (Doc. 140).

     Plaintiff asserts § 1983 claims related to his extradition from New Mexico to Florida.  He

alleges that his extradition rights were violated, as he was extradited in violation of the extradition

procedures under the Uniform Criminal Extradition Act ("UCEA"). *See* N.M. Stat. Ann. § 31-4-1

*et seq.* He alleges that:

- the fugitive complaint was dismissed, and was not refiled, NMSA §§ 31-4-10, 14;
- a Governor's warrant was not issued to authorize extradition, NMSA § 31-4-15; and
- Because there was no Governor's warrant or fugitive complaint on file, he lacked the opportunity to file a habeas petition.  NMSA § 31-4-10.

---

[1] Plaintiff filed a letter that acknowledges the PFRD, but makes no substantive arguments regarding the PFRD. *See* Doc. 151.

Plaintiff also challenges the probable cause determination underlying his Florida charges, and alleges claims related to his Florida criminal case and the loss of liberty resulting from facing criminal charges in Florida.

Defendants moved to dismiss these claims, primarily arguing that the extradition process set forth in N.M. Stat. Ann. § 31-4-1 *et seq.* is not required when a fugitive also faces criminal charges in the asylum state, here New Mexico. *See* N.M. Stat. Ann. § 31-4-19. Defendants also asserted qualified immunity. Finally, Defendants noted that Plaintiff cannot attack his Florida criminal charges and judgment in this § 1983 case. *See* Defendants' Motion to Dismiss on the Basis of Qualified Immunity and Other Grounds, Doc. 140. Defendants rely in part on the Court's screening decision.

Judge Martinez recommended dismissing claims which attack the probable cause finding underlying the Florida criminal charges or judgment. However, he recommended denying the request to dismiss the claims alleging violation of extradition procedures and rights.

The Court has discretion to reconsider an interlocutory order. *See* Fed. R. Civ. P. 54. Having the benefit of full briefing and the record, the Court will reconsider in part its prior screening decision.  As explained below, the Court ADOPTS in part the recommendation in the PFRD and grants in part and denies in part Defendants' Motion to Dismiss (Doc. 140).  The claims alleging violation of his extradition rights remain, but the Court dismisses the conspiracy claim and the claims challenging his Florida criminal case.

## BACKGROUND

This case stems from the alleged failure to follow extradition procedures under the Uniform Criminal Extradition Act ("UCEA"), set forth in N.M. Stat. Ann. § 31-4-1 *et seq.*   Plaintiff alleges

that Sheriff Lorenzo Mata and his secretary Marka Salas violated his extradition rights by extraditing him without process.

In his Fourth Amended Complaint, Doc. 80, Plaintiff asserted eight claims. Plaintiff describes them as follows:

1) Surrendering Plaintiff to Demanding State in Violation of "Due Process"

2) Defendants Deprived Plaintiff of Right to Apply for Writ of Habeas Corpus

3) Surrendering Plaintiff without "Governor's Warrant" describing him as person to be seized

4) Asylum State Governor never surrendered

5) Surrendered without being proved a fugitive

6) Surrendered without being formally charged in Demanding State via "Affidavit"

7) Loss of Liberty and Freedom

8) Conspiracy to Interfere with civil rights.

Doc. 80 at 12. Judge Martinez noted that these claims were generally duplicative, and categorized these claims as follows:

> [Plaintiff] asserts three general claims pursuant to § 1983:  asserted (1) violations of his right to extradition proceedings, i.e., to have a governor's warrant issued for his arrest pursuant to N.M. Stat. Ann. § 31-4-7 and to have an opportunity to apply for a pre-extradition habeas corpus hearing based on Article IV, § 2, cl. 2 of the Constitution, 18 U.S.C. § 3182, and N.M. Stat. Ann. § 31-4-10 (*see* Doc. 80 at 13–31); (2) conspiracy to violate his right to extradition proceedings (*see id.* at 44–49); and (3) claims related to the probable cause finding underlying the Florida charges and to an alleged deprivation of his liberty and freedom under the Fifth and Fourteenth Amendments (*see id.* at 32–43).

*Skinner v. Mata*, No. 1:22-CV-0901 KWR/DLM, 2024 WL 2817569, at *2 (D.N.M. June 3, 2024).

No party objected to Judge Martinez' categorization of the claims in this manner, so the Court adopts them.

Plaintiff alleges he was arrested in New Mexico for crimes allegedly committed in New Mexico. Fourth Amended Complaint, Doc. 80 at 13. The arresting officer learned that Florida issued a warrant for Plaintiff's arrest on June 3, 2021 on charges of burglary and theft.  Doc. 80 at 13-14, 55-56, 59. On July 8, 2021, a fugitive complaint was filed in New Mexico. At a fugitive from justice arraignment, Plaintiff denied he was the person sought. Doc. 80 at 61, Exhibit D.

On September 27, 2021, a stipulated motion to dismiss the fugitive complaint was filed. The motion stated that the extradition case failed to comply with the time limits required under N.M. Stat. Ann. § 31-4-17. Doc. 80 at 68, Exhibit F. A stipulated order dismissing without prejudice the extradition case was entered.  Doc. 80 at 69, Exhibit G. Plaintiff alleges that rather than wait for the fugitive complaint to be refiled or for a Governor's warrant to be issued, Defendants initiated extradition without lawful authority. Doc. 80 at 18. Plaintiff also alleges that Defendants deprived him of the right to file a petition for a writ of habeas corpus. Plaintiff alleges that 10 days prior to extradition, Defendant Marka Salas notified Florida that Plaintiff was available for immediate pickup.  Doc. 80 at 27.  Plaintiff alleges that Defendants were in constant contact with the district attorney and were aware that he was not eligible for extradition. Plaintiff alleges that on November 16, 2021, an extradition agency arrived to extradite him to Florida.  Doc. 80 at 25.  Plaintiff alleges he was not given an opportunity to file a habeas petition challenging the fugitive complaint, as the fugitive complaint was dismissed, no Governor's warrant was issued, and a new case was not filed. Plaintiff also alleges he was not aware he was going to be extradited. Doc. 80 at 21.  After Plaintiff was extradited, a *nolle prosequi* was entered in the New Mexico criminal case on November 19, 2021 "in interest of justice; as defendant has been extradited to the State of Florida on pending charges."  Doc. 80 at 79, Exhibit L.

The Court screened Plaintiff's Third Amended complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend.  *See* Doc. 71.  Plaintiff thereafter filed a Fourth Amended Complaint. *See* Doc. 80. Defendants move to dismiss the Fourth Amended Complaint on similar grounds.  Doc. 140.  This case was referred to Judge Martinez, who issued Proposed Findings and Recommended Disposition ("PFRD"). Doc. 149.  Defendants objected in part to the PFRD.

## DISCUSSION

## I.    <u>Standard for Review of Proposed Findings and Recommended Disposition</u>.

Defendants filed objections to the portion of Judge Martinez's PFRD which recommended not dismissing the claims challenging the extradition procedure.  *See* Doc. 150. " 'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.' " *United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The Tenth Circuit has adopted a firm waiver rule, where the failure to make timely and specific objections to a PFRD waives both district court and appellate review. *One Parcel*, 73 F.3d at 1059-60. The Court reviews the record relevant to the objections *de novo*.  *Id.*

An objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute. *One Parcel*, 73 F.3d at 1059-60. By contrast, objections that are "nonspecific, too general, and fail[] to meaningfully address the PFRD's ultimate holding or its underlying findings and conclusions[]" may be deemed waived. *Leal v. United States*, No. CIV 22-761 JB/JFR, 2023 WL 6360864, at *4 (D.N.M. Sept. 29, 2023); *see*

*also Shepherd v. Rios*, 2018 WL 1866111, at *1 (W.D. Okla. Apr. 18, 2018) (deeming waived objection that "d[id] not attempt to come to grips with [PFRD's] analysis or conclusions in any specific way, [but] rel[ied] for the most part on re-adopting . . . earlier arguments."). The failure to file specific objections waives *de novo* review by the district court. *See One Parcel*, 73 F.3d at 1060–61 (10th Cir. 1996).

## II. <u>Extradition law as applied to this case</u>.

No party has specifically objected to Judge Martinez' recitation of extradition law, and the Court otherwise finds it well-taken under *de novo* review. Therefore, the Court adopts it and recites it herein. *See Skinner v. Mata*, No. 1:22-CV-0901 KWR/DLM, 2024 WL 2817569, at *3-5 (D.N.M. June 3, 2024).

Interstate extradition is controlled by three sources of law. The Constitution's Extradition Clause constitutes the original authority. *See Ortega v. City of Kan. City, Kan.*, 875 F.2d 1497, 1499 (10th Cir. 1989) (discussing U.S. Const. art. IV, § 2, cl. 2). The Extradition Clause provides in relevant part that when a person who is charged with a crime in one state flees to another state, the state where the person allegedly committed the crime can demand the person's return. U.S. Const. art. IV, § 2, cl. 2. Congress effectuated the Extradition Clause through 18 U.S.C. § 3182, which provides that when the executive authority of a state where an individual committed a crime (the "demanding state") produces proper documents to the state where a fugitive has fled (the "asylum state"), the executive of the asylum state must arrest the fugitive and deliver them to the demanding state within a set time.

The Uniform Criminal Extradition Act (UCEA) "sets forth in greater detail than [18 U.S.C. § 3182] the processes and documents necessary in an extradition proceeding." *See Reed v. New Mexico ex rel. Ortiz*, 947 P.2d 86, 98 (N.M. 1997), *judgment rev'd sub nom. on other grounds*,

*New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151 (1998) (*comparing* N.M. Stat. Ann. § 31-4-3 (form of demand), *with* 18 U.S.C. § 3182 (procedural and documentation requirements)) (additional citations omitted). New Mexico is one of 48 states that has adopted the UCEA. *See id.* The Court will outline how the UCEA applied here.

In June 2021, Charlotte County, Florida authorities issued a warrant for Plaintiff's arrest and forwarded for inclusion in the NCIC. (*See* Doc. 80 at 13–14, 56–58.) *See also* Leslie W. Abramson, *Extradition in America: Of Uniform Acts and Governmental Discretion*, 33 Baylor L. Rev. 793, 794–95 (1981) (describing the extradition process). On June 18, 2021, a New Mexico State Police officer arrested Plaintiff for a crime he allegedly committed in New Mexico and ran Plaintiff's name through the NCIC. (*See* Doc. 80 at 13.) When the officer discovered the pending Florida warrant, he arrested Plaintiff on that information as well. (*See* Doc. 80 at 13–14, 57–58.) New Mexico filed a Fugitive Complaint based on the Florida warrant, and Plaintiff appeared in the Guadalupe County Magistrate Court for a Fugitive from Justice Arraignment. (*See id.* at 60–61.) *See also* N.M. Stat. Ann. § 31-4-14.

There are essentially two ways an individual may be arrested if the demanding state wants to pursue extradition. *See* Abramson, 33 Baylor L. Rev. at 795. First, law enforcement may obtain a fugitive warrant from "a magistrate in the asylum state" and arrest the individual on that warrant. *See id.* Alternatively, law enforcement may arrest the individual upon reasonable information but without a fugitive warrant. *See id.* In that case, they must take the individual to the magistrate in the asylum state where "a complaint is made, under oath, setting forth grounds for the arrest." *Id.* at 795–96; *see also* N.M. Stat. Ann. § 31-4-14. Plaintiff was arrested under this second alternative—upon reasonable information from the NCIC alert but without a fugitive warrant issued by a New Mexico magistrate.

The UCEA required the magistrate, at the arraignment, to inform Plaintiff of the grounds for his arrest. *See* N.M. Stat. Ann. § 31-4-14; *see also* Abramson, 33 Baylor L. Rev. at 795–96. Plaintiff had the choice to waive extradition, but he did not. (*See* Doc. 80 at 61.) *See also* N.M. Stat. Ann. § 31-4-22; Abramson, 33 Baylor L. Rev. at 796. The magistrate also informed Plaintiff of his "right to require the issuance and service of a warrant of extradition." (*See* Doc. 80 at 61.) *See also* N.M. Stat. Ann. § 31-4-15 (providing that the individual may be committed to county jail for up to 30 days to "enable the arrest of the accused to be made under a warrant of the governor"); N.M. R. Crim. P. Magist. Ct. 6-811 (outlining the procedure at the arraignment on a fugitive complaint). Finally, the magistrate advised Plaintiff of his right to contest the governor's "warrant of extradition through a writ of habeas corpus." (*See* Doc. 80 at 61.) *See also* N.M. Stat. Ann. § 31-4-10. The UCEA requires that "the judge ... **shall fix a reasonable time** ... within which [the defendant may] apply for a writ of habeas corpus." N.M. Stat. Ann. § 31-4-10 (emphasis added).

The UCEA allows temporary detention of the fugitive "to permit time for the demanding state agency to prepare an 'application,' for the requisition warrant to be prepared and signed by the Governor of the demanding state, and for the Governor of the asylum state to review it upon receipt and decide whether or not to issue a rendition warrant." *See* Abramson, 33 Baylor L. Rev. at 797; *see also* N.M. Stat. Ann. §§ 31-4-3, 4, 15. The asylum state's rendition warrant is known as a "governor's rendition warrant," *see, e.g.*, N.M. R. Crim. P. Magist. Ct. 6-811(F), or simply as a "governor's warrant," *see, e.g.*, *Reed*, 947 P.2d at 94 (referring to the New Mexico governor's rendition warrant as a governor's warrant).

"If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him ...." N.M. Stat. Ann. § 31-4-17; *see also* Abramson, 33 Baylor L. Rev. at 797 ("After expiration of the time period within

which the Governor's warrant was to issue, the court may dismiss the fugitive warrant"). Here, the magistrate granted the parties' Stipulated Motion to Dismiss without prejudice "for failure to comply with the time limits required under ... § 31-4-17." (*See* Doc. 80 at 68–69.) The order specified that the State may refile the matter at a later date. (*Id.* at 69.)

One final section of the UCEA is relevant to this case: Section 31-4-19 states that if there is a criminal prosecution pending against the fugitive based on a violation of New Mexico law, "the governor, in [her] discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state." The Kansas Court of Appeals, examining an identical Kansas statute, Kan. Stat. Ann. § 22-2719, construed the statutory language to mean that where the fugitive is pending criminal prosecution on state charges, "the fugitive from justice warrant acts as a secondary hold which has no effect until [the fugitive] has been 'tried and discharged or convicted and punished' on the local cases." *Campbell v. Easter*, 421 P.3d 260, at *1 (Kan. Ct. App. 2018). Any time limit "on an extradition warrant is tolled" while the asylum state prosecutes its charges. *See id.* (citing *In re Habeas Corpus Application of Lane*, 845 P.2d 708, 709 (Kan. App. 1992)) (subsequent citations omitted). "In effect, the extradition warrant is suspended until the [asylum state] cases are concluded." *Id.* Consequently, any "claim for relief from the extradition warrant [is] not ripe" until the asylum state cases are resolved. *See id.*; *see also Meechaicum v. Fountain*, 696 F.2d 790, 792 (10th Cir. 1983) (noting that charges in the asylum state "appear[ ] to take precedence" as the parties agreed that the fugitive would "not be extradited until the" charges in the asylum state were resolved); *Rhode Island v. DeAngelis*, 658 A.2d 7, 10 (R.I. 1995) (noting that the asylum state governor has discretion under an identical statute "either to hold and to prosecute a person in this state while that person remains a fugitive from justice in another or to deliver the fugitive to the

other state" after the state charges are resolved); *Procedures for domestic extradition*, 1 Wharton's Criminal Procedure § 6:12 (14th ed.) ("If the asylum state is also pursuing charges against the defendant, state statutes usually provide for the asylum state to proceed against the defendant in its own courts first, if it chooses to do so.").

Because Plaintiff was awaiting prosecution on New Mexico state charges, the New Mexico governor would have had discretion to delay any extradition proceedings until after the New Mexico state case was resolved. *See* N.M. Stat. Ann. § 31-4-19. If the governor had chosen that option, Plaintiff could have then waived or refused to waive extradition after the state case concluded. *See Campbell*, 421 P.3d at *1 (noting that if the fugitive waives extradition, then "a governor's warrant would be obtained and" the fugitive would "be given a reasonable time to apply for a writ of habeas corpus to challenge the legality of his arrest") (citation omitted). The New Mexico governor was never faced with that choice here, however, as the magistrate dismissed without prejudice the Fugitive Complaint on September 21, 2021, before the New Mexico criminal proceedings concluded on November 19, 2021. (*See* Doc. 80 at 69.) *See also Skinner*, D-42-CR-2021-00058, Nolle Prosequi (4th Jud. Dist. N.M. Nov. 19, 2021).

**III.**     **Plaintiff plausibly alleged a violation of New Mexico's extradition statute, and has overcome qualified immunity at this stage of the proceedings.**

**A.**     **Plaintiff plausibly alleged a violation of the Uniform Criminal Extradition Act.**

Plaintiff alleges that Defendants violated his right to extradition proceedings, including a governor's warrant and an opportunity to apply for a pre-extradition habeas corpus proceeding. As explained below, the Court concludes that Plaintiff has stated a plausible § 1983 claim for the violation of the Uniform Criminal Extradition Act.

Plaintiff asserts a § 1983 claim for violation of the procedures set forth in the Uniform Criminal Extradition Act ("UCEA"), NMSA § 31-4-1 *et al.* The Tenth Circuit Court of Appeals has allowed a § 1983 claim for the violation of the UCEA, as the UCEA is "derivative of or [is] implementing federal law (i.e., the Extradition Clause and the federal extradition statute)." *Scull v. New Mexico*, 236 F.3d 588, 596 (10th Cir. 2000), *citing Sanders v. Conine,* 506 F.2d 530, 532 (10th Cir.1974) ("A complaint which charges abuse of the extradition power by noncompliance with applicable [federal and state] law states a claim under 42 U.S.C. § 1983 and may not be dismissed summarily as frivolous."); *Ortega v. City of Kansas City,* 875 F.2d 1497, 1500 (10th Cir.1989) ("[T]here is ample circuit court authority for the proposition that failure to comply with the provisions of the Uniform Extradition Act as enacted by the detaining state can support recovery on § 1983 claims.").

Judge Martinez recommended finding that Plaintiff has stated a plausible claim for violation of extradition procedures set forth in New Mexico's' enactment of the UCEA. The Court agrees. Plaintiff alleges that New Mexico had not yet granted extradition by signing a Governor's warrant. Moreover, he alleges that the fugitive complaint was dismissed and New Mexico was instructed to refile the complaint if they sought extradition. No fugitive complaint was filed and no Governor's warrant was signed. Therefore, under the UCEA, Plaintiff did not have an opportunity to file a habeas petition to challenge the non-existent fugitive complaint. NMSA §§ 31-4-10, 14. He alleges that Defendants were well-versed in extradition law and were in constant contact with the New Mexico assistant district attorney, implying that Defendants were aware the fugitive complaint was dismissed and no warrant was filed. The Court must take these well-pled allegations as true, and if Defendants contest these facts, the appropriate time to do so is at summary judgment or trial.

Plaintiff's allegations state a § 1983 claim for violation of the extradition procedures set forth under the UCEA. As explained in detail above, the UCEA provides that a fugitive may be arrested in an asylum state either with a warrant or without one.  NMSA § 31-4-7 (providing for warrant of arrest); NMSA § 31-4-10 (setting forth procedures when arrested on warrant); NMSA § 31-4-14 (setting forth procedures when arrested without warrant). Where a fugitive is arrested without a warrant, as here, a fugitive complaint is filed and the defendant is brought before a judge for arraignment. At that arraignment, the judge fixes a deadline to file a habeas petition challenging extradition. Prior to extradition, a Governor's warrant must be issued. NMSA § 31-4-15; Stipulated Motion Dismiss, Doc. 80 at 68 (noting that parties agreed extradition case should be dismissed as Governor's warrant was not issued within time prescribed by NMSA § 31-4-17).

Here, Plaintiff alleges that no fugitive complaint was refiled, and therefore he did not have the opportunity pursuant to the statute to file a habeas petition pursuant to NMSA § 31-4-10. Moreover, Plaintiff alleges that no Governor's warrant was issued indicating New Mexico agreed to extradite him. In other words, Plaintiff alleges that New Mexico's Governor or her representative had not authorized extradition.

Defendants make two main arguments in their motion to dismiss and in their objections to the PFRD. They assert that (1) they did not prohibit or prevent Plaintiff from filing a habeas petition; and (2) NMSA § 31-4-19 provides that no warrant is required under the circumstances of this case.  As explained below, both arguments are not well taken.

Defendants argue that Plaintiff's extradition-based claims should be dismissed primarily based on Court's previous finding that, pursuant to N.M. Stat. Ann. § 31-4-19, there was no need to obtain a governor's warrant before extraditing Plaintiff because he was facing criminal

prosecution in New Mexico. *See* Doc. 140 at 3–4 (citing Doc. Doc. 71 at 12). That statute provides that:

> If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor, in his discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state.

N.M. Stat. Ann. § 31-4-19.  Defendants argue that based on this language, a warrant or fugitive complaint is not necessary, although a warrant or fugitive complaint is required in prior sections of the UCEA. In other words, Defendants argue that they need not have complied with the prior provisions of the UCEA if a defendant is charged both in the Demanding and Asylum states. Defendants reasoning is in part based on the Court's screening decision.  Having the benefit of briefing and the record, the Court has discretion to reconsider interlocutory orders. Fed. R. Civ. P. 54.

As explained in detail above, NMSA § 31-4-1 *et al.* provides certain procedures for extraditing an alleged fugitive.  These include, but are not limited to, the following.

- Where an alleged fugitive was arrested without an arrest warrant, the State of New Mexico must file a fugitive complaint, bring the fugitive to a hearing before a judge, where the judge fixes a deadline to file a habeas petition. *See* NMSA § 31-4-10, 14; and
- the "right to require the issuance and service of a warrant of extradition", NMSA 31-4-15.

Upon considering the full record, the Court agrees with Judge Martinez and concludes that NMSA § 31-4-19 merely provides the asylum state discretion in deciding whether to prosecute the fugitive first based on crimes committed in the asylum state, or extradite the fugitive to the demanding state.  *Supra,* at 9-10. There is nothing in the plain language of NMSA § 31-4-19 which states that the procedural safeguards in NMSA § 31-4-1 *et al.* do not apply where a fugitive facing extradition also faces charges in the asylum state. Nothing in the statutory language suggests that the process

rights afforded to a fugitive subject to extradition are abrogated, such as the need to obtain a governor's warrant before extraditing the fugitive, the fugitive's right to a hearing or arraignment on a fugitive complaint before a judge, and the right to challenge extradition through a petition for writ of habeas corpus after appearing before a judge.

As noted by Judge Martinez, the Court "must give effect to all statutory provisions, so that no part will be inoperative or superfluous – each phrase must have distinct meaning." *Navajo v. Dalley*, 896 F.3d 1196, 1215 (10th Cir. 2018). There does not appear to be any reason not to apply the procedural safeguards in NMSA § 31-4-1 when extraditing a person who also faces criminal charges in the asylum state. The Tenth Circuit noted that these statutory provisions, such as the right to counsel, a warrant or fugitive complaint be filed, the right to a hearing before a judge, and right to file a habeas petition, are for the benefit of the person to be extradited. *Sanders v. Conine*, 506 F.2d 530, 532 (10th Cir. 1974). It is unclear why a fugitive should lose these rights merely because he is also charged with a crime in the asylum state.

Defendants also argue that to the extent Plaintiff "claims that the Defendants failed to 'alert' him that Florida was sending an extradition agency[,]" he does not adequately show that they "prohibited him from filing any such petition or that he was extradited while such writ was pending." (*Id.* at 3–4 (citing Docs. 80 at 22; *Scull v. New Mexico*, 236 F.3d 588 (10th Cir. 2000)).). The Court agrees with Judge Martinez that this argument is not well-taken. As Judge Martinez stated:

> This argument ignores the normal order of events: once an individual declines to waive his extradition rights, *then* a governor's warrant is issued and the individual is "given a reasonable time to apply for a writ of habeas corpus to challenge the legality of his arrest." *See Campbell*, 421 P.3d at *1; *see also Gee v. State of Kan.*, 912 F.2d 414, 416 (10th Cir. 1990) (stating that "[b]efore a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus") (citations omitted); N.M. Stat.

> Ann. § 31-4-10 (outlining the right to apply for writ of habeas corpus by a person arrested on a governor's warrant). As with the plaintiffs in both *Harden* and *Morrison*, the simple act of extraditing Skinner without a governor's warrant effectively prohibited him from filing a petition. *See, e.g.*, *Harden*, 320 F.3d at 1292–94; *Morrison*, 839 F. Supp. at 1132.

*Skinner v. Mata*, No. 1:22-CV-0901 KWR/DLM, 2024 WL 2817569, at *7 (D.N.M. June 3, 2024).

Moreover, NMSA § 31-4-10 provides that a person shall have a reasonable time to apply for a writ of habeas corpus *after* a warrant is issued, or *after* a fugitive complaint is filed and the person is brought before a judge. NMSA §§ 31-4-10, 14. After appearing before a judge, the time to file a habeas petition challenging extradition is fixed by the judge. *Id.* NMSA § 31-4-15 requires the issuance of a Governor's warrant prior to requisition by the demanding state. Here, Plaintiff was arrested without a warrant, and there was no pending fugitive complaint, as the fugitive complaint was dismissed without prejudice to refiling. *See* NMSA § 31-4-14 (setting forth procedure when arrested without warrant, and requiring that a fugitive complaint be filed). Plaintiff alleges that the judge stated at his hearing he had the "right to require the issuance and service of a warrant of extradition." Fourth Amended Complaint, Doc. 80 at 61. He alleges he did not waive extradition, no Governor's warrant was issued, and his fugitive complaint was dismissed. Extradition proceedings were not pending, therefore, there was nothing for Plaintiff to challenge by filing a habeas petition. Plaintiff alleges that Defendants, who were familiar with extradition law and knew his fugitive complaint had been dismissed, contacted Florida authorities to pick him up without a governor's warrant or an opportunity to appear before a judge or file a petition for writ of habeas corpus. Doc. 80 at 18, 20-21. The PFRD found that Plaintiff's allegations are sufficient to state a claim for violation of his extradition rights. Doc. 149 at 11. The PFRD found that "[a]s with the plaintiffs in both *Harden* and *Morrison*, the simple act of extraditing [Plaintiff] without a

governor's warrant effectively prohibited him from filing a petition." PFRD at 13. The Court agrees, adopts the PFRD, and denies the motion to dismiss as to the extradition procedure claims.

Defendants assert that the extradition procedure claims should be dismissed as Plaintiff cannot challenge the lawfulness of his imprisonment under New Mexico law or show in his habeas proceeding that his extradition resulted in unconstitutional imprisonment. Doc. 150 at 2-3. To the extent Defendants raised this argument for the first time in their objection to the PFRD, it is waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001), *citing Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Alternatively, to the extent the Court should consider this argument, it is not well taken. Defendants assert that a habeas proceeding challenging would have been irrelevant, as Plaintiff was already being held lawfully on charges under New Mexico law. Doc. 150 at 2-3. Defendants assert that the object of any habeas proceeding must be his unlawful imprisonment in New Mexico. However, a habeas proceeding may be filed to challenge extradition. *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).

Defendants argue that Plaintiff cannot state a plausible extradition claim pursuant to *Long v. Shillinger*, 927 F.2d 525, 526 (10th Cir. 1991). In that case, the district court found liability for violation of extradition procedures in favor of Plaintiff, denied Defendant's summary judgment motion, but awarded only nominal damages because the plaintiff failed to prove damages. *Id.* In *Long*, the Tenth Circuit concluded that because the plaintiff did not show he could have prevented extradition[2], he could not collect damages for the extradition, but instead he could only collect

---

[2] The inquiry in a habeas proceeding concerning extradition is limited to "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Michigan v. Doran,* 439 U.S. 282, 289,

damages for violation of the extradition procedures. 927 F.2d at 528. *Long* only addressed the damages available, and not whether a plaintiff states a claim for violation of extradition procedures. In this motion to dismiss Defendants do not request that the Court enter judgment in Plaintiff's favor for only nominal damages, but assert that *Long* precludes a finding of liability. At this stage of the proceedings, *Long v. Shillinger* does not support dismissal of extradition claims for failure to state a claim.[3]

Therefore, the Court concludes that Plaintiff has stated a plausible claim for violation of extradition procedures under § 1983.

## B.     Plaintiff has shown a violation of clearly established law as to the § 1983 claims challenging the failure to follow extradition procedure.

Defendants also assert qualified immunity. "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* (internal quotation marks omitted). "At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Id.*

"When a § 1983 defendant raises the qualified immunity defense, the burden shifts to the plaintiff." *Sawyers v. Norton*, 962 F.3d 1270, 1282 (10th Cir. 2020). "To overcome qualified immunity, a plaintiff must show (1) facts that demonstrate the officials violated a federal

---

99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).  Plaintiff asserted in the underlying proceeding that he was not the person named in the request for extradition.

[3] Defendants did not expressly raise a *Heck* argument in their objections challenging the extradition procedure claims. *see* Doc. 150.

constitutional or statutory right, which (2) was clearly established at the time of the defendant's conduct." *See Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

"A right is clearly established only if reasonable officers would understand that their conduct violates the Constitution." *Craft v. White*, 840 F. App'x 372, 375 (10th Cir. 2021), *citing Mocek v. City of Albuquerque*, 813 F.3d 912, 922 (10th Cir. 2015). "We do not define clearly established law at a general level, for a constitutional right is clearly established only if there is an on-point Tenth Circuit opinion, Supreme Court precedent, or a clear weight of authority from other courts." *Id.* Though "a case directly on point" is not required, "existing precedent must have placed the constitutional question regarding the illegality of the defendant's conduct beyond debate." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied sub nom. Cummings v. Bussey*, ––– U.S. –––, 140 S. Ct. 81, 205 L.Ed.2d 27 (2019).

The Tenth Circuit has held that qualified immunity may apply to a § 1983 claim challenging the alleged failure to follow extradition procedures set forth under New Mexico statutes. *Scull v. New Mexico*, 236 F.3d 588, 595–96 (10th Cir. 2000).

The Court finds the law was clearly established that extraditing a fugitive without any process, or without approval of the extradition through a Governor's warrant, fugitive complaint, or any other process, violated extradition procedures as set forth under New Mexico's UCEA.

Here, a published Tenth Circuit Court of Appeals case, *Sanders,* appears to be directly on point. *Sanders v. Conine*, 506 F.2d 530, 532 (10th Cir. 1974). In *Sanders*, under a Wyoming enactment of a similar uniform extradition act with similar language as here, the Tenth Circuit held that the plaintiff stated a claim under § 1983. In that case, the alleged fugitive was extradited where no Governor's warrant or fugitive complaint was filed. The Tenth Circuit noted that the fugitive had the statutory right to file a habeas petition after a fugitive complaint was filed, as in this case.

18

*Sanders* appears to be factually on point here. Although here a fugitive complaint was filed in this case, it was dismissed without prejudice to refiling, but it was not refiled. When Plaintiff was extradited, there was no reason for him to have a habeas petition on file, as neither a Governor's warrant nor a fugitive complaint was filed.

Although unpublished, in *Burrows* the Tenth Circuit reversed dismissal of a § 1983 extradition claim where plaintiff alleged that the defendants were aware the order to transport was invalid. *Burrows v. Cherokee Cnty. Sheriff's Off.*, 38 F. App'x 504, 507 (10th Cir. 2002). Here, Plaintiff has alleged that Defendants were aware that extradition had not been granted, as he alleged that Defendants were well-aware of extradition law and were in constant contact with the assistant district attorney working on the extradition process.

Here, Plaintiff alleges he was essentially not provided with *any* process afforded by the Uniform Criminal Extradition Act. He asserts that the New Mexico Governor did not sign a Governor's warrant, no fugitive complaint was pending or granted, and therefore he was not given a chance to challenge his extradition through a habeas petition. *See* NMSA § 31-4-10 (noting that time to file habeas petition is fixed *after* filing of fugitive complaint or arrest warrant). Plaintiff alleges that Defendants transported him with the knowledge that the extradition was not granted. For the qualified immunity analysis at the motion to dismiss stage, the Court must assume these well-pled factual allegations are true. As Judge Martinez reasoned, "[b]ecause Skinner alleges that Defendants initiated contact with and transferred Skinner to Florida authorities despite their knowledge of the dismissal of the Fugitive Complaint, the Court finds he has plausibly demonstrated the violation of a clearly established right to extradition procedures." *Skinner v. Mata*, No. 1:22-CV-0901 KWR/DLM, 2024 WL 2817569, at *7 (D.N.M. June 3, 2024).

19

Therefore, based on the published Tenth Circuit case *Sanders*, the Court finds that Plaintiff's right to extradition proceedings was clearly established.

Defendants' arguments to the contrary are not well-taken. Defendants assert that any violation was not clearly established, as no published circuit case dealt with the situation where a fugitive is arrested based on criminal charges in the asylum state *and* faces extradition to the demanding state. Defendants' distinctions are immaterial here. As explained above and in the PFRD, NMSA § 31-4-19 does not state anywhere therein that the procedural safeguards afforded to a fugitive facing extradition do not apply where that fugitive also faces charges in the asylum state. It does not expressly authorize extradition without process. Moreover, it would not further the purpose of the UCEA to eliminate those procedural safeguards. *Sanders v. Conine*, 506 F.2d 530, 532 (10th Cir. 1974) (noting that certain procedures in UCEA were for benefit of fugitive).

Defendants argue that *Scull* entitles them to qualified immunity. In *Scull*, the Tenth Circuit held that jailers had no duty to initiate extradition proceedings. *Scull v. New Mexico,* 236 F.3d 588 (10th Cir. 2010). That case is not on point. Here, Plaintiff alleges Defendants extradited him despite knowing that (1) extradition proceedings were dismissed and (2) no Governor's warrant was signed.

Defendants assert that they have no obligation to advise Plaintiff of his right to file a habeas petition or grant him additional time to file one prior to transporting him to Florida. Assuming this is true, this argument is also immaterial here. Because no fugitive complaint or warrant was pending, Plaintiff alleges he could not challenge the non-existent extradition proceedings. Thus, Plaintiff plausibly alleged he was prevented from filing a habeas petition.

Alternatively, even assuming *Sanders* was not factually identical to this case, the Court finds that the conduct in this case, based on Plaintiff's version of the facts, is so egregious that

even general precedent applies with obvious clarity. *Ullery v. Bradley*, 949 F.3d 1282, 1291–92 (10th Cir. 2020) ("But when a public official's conduct is so egregious even a general precedent applies with 'obvious clarity," the right can be clearly established notwithstanding the absence of binding authority involving materially similar facts."), *citing Hope*, 536 U.S. at 741, 122 S.Ct. 2508 (stating defendants "can still be on notice that their conduct violates established law even in novel factual circumstances," so long as the law provided "fair warning" their conduct was unconstitutional); *see also Browder v. City of Albuquerque*, 787 F.3d 1076, 1082 (10th Cir. 2015) (Gorsuch, J.) ("After all, some things are so obviously unlawful that they don't require detailed explanation ...."). Here, Plaintiff's claims are not based on the failure to follow some procedural niceties. Rather, he alleges he was extradited without a warrant, fugitive complaint, or any other procedural device approving his extradition from the asylum state. In *Harden*, the plaintiff "was arrested and, without a signed extradition warrant, a waiver of his extradition rights, or a habeas hearing" was extradited. *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003); *see also Sanders v. Conine*, 506 F.2d 530, 532 (10th Cir. 1974). The Eleventh Circuit in *Harden* stated that these allegations stated a claim under § 1983. Here, Plaintiff has alleged the same. It is clearly obvious that extraditing a person without any approval to do so violates clearly established law.

Therefore, for the alternate reasons above, the Court finds that Plaintiff has plausibly alleged a violation of clearly established law.

## IV.   <u>Neither party objects to the PFRD's recommendation of dismissing the claims challenging his Florida criminal case.</u>

The PFRD recommended dismissing claims which implicate the Florida criminal judgment. *See* PFRD, Doc. 149 at 15. The PFRD reads Plaintiff's complaint as asserting claims that (1) attack the probable cause finding underlying the Florida charges, and (2) to assert a claim

for loss of his liberty and freedom pursuant to the Fifth and Fourteenth Amendments.

" 'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.' " *United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel") (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The Tenth Circuit has adopted a firm waiver rule, where the failure to make timely and specific objections to a PFRD waives both district court and appellate review. *One Parcel*, 73 F.3d at 1059-60. None of the parties objected to these recommendations. Plaintiff filed a letter acknowledging the PFRD, but he did not object to any portion of it. *See* Doc. 151. Therefore *de novo* review is waived, and the recommendation is adopted.

Alternatively, even if the Court were to conduct a *de novo* review, the Court finds dismissal of these claims well-taken, and therefore the Court adopts the PFRD. Plaintiff alleges that the Florida warrant lacked probable cause and therefore he should not have been extradited. However, an asylum state cannot second-guess a demanding states' determination of probable cause. *Long v. Shillinger*, 927 F.2d 525, 528 (10th Cir. 1991); *see Michigan v. Doran,* 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978) ("[W]hen a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination.").

Plaintiff also asserts that he was deprived of liberty and freedom under the Fifth and Fourteenth Amendments by being turned over to the Florida authorities.  He believes that if he were not extradited, he would be currently free, or would not have faced prosecution in Florida. As Judge Martinez stated, this is not a cognizable claim in this § 1983 proceeding. The United

States Supreme Court has held that improper extradition does not deprive a state of the right to prosecute a criminal defendant. *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952) (footnote omitted); *Harden v. Pataki*, 320 F.3d 1289, 1296 (11th Cir. 2003). "Moreover, extradition *procedures,* even if they violate federal rights, have no bearing, direct or implied, on the underlying guilt or innocence of the person extradited." *Harden v. Pataki*, 320 F.3d 1289, 1297 (11th Cir. 2003), *citing In re Strauss,* 197 U.S. 324, 333, 25 S.Ct. 535, 537, 49 L.Ed. 774 (1905) ("[T]he process of extradition ... is but one step in securing the presence of the defendant in the court in which he may be tried, and in no manner determines the question of guilt."). Moreover, "any court reviewing a habeas petition filed by plaintiff would not have been able to consider plaintiff's evidence that he was not guilty of the crimes charged…" *Long v. Shillinger*, 927 F.2d 525, 528 (10th Cir. 1991). In *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court said:

> "Once the Governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable." *Id.,* at 289, 99 S.Ct., at 535.

*Id.* Therefore, the Court adopts the portion of the PFRD dismissing claims which implicate the Florida judgment. PFRD, Doc. 149 at 15-16.

## V.   <u>Defendants are entitled to qualified immunity as to the Conspiracy Claim.</u>

Plaintiff alleged that Defendants conspired to deprive him of his right to extradition proceedings. Defendants assert they are entitled to qualified immunity. As explained below, the Court concludes that Plaintiff has not overcome qualified immunity.

Defendants assert that Plaintiff failed to state a plausible § 1983 conspiracy claim.  To assert a § 1983 conspiracy claim, Plaintiff must allege "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022), *quoting Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990). "Provided that there is an underlying constitutional deprivation, the conspiracy claim allows for imputed liability; a plaintiff may be able to impose liability on one defendant for the actions of another performed in the course of the conspiracy." *Id*. To prove a conspiracy under § 1983, a plaintiff must allege "at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010), *quoted in Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021). And "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. 'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.' " *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). Plaintiff must allege "specific facts showing an agreement and concerted action among defendants, agreement upon a common, unconstitutional goal, and concerted action taken to advance that goal." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (internal quotation marks and citations omitted).

 Here, Plaintiff's allegations regarding the conspiracy were conclusory.  Plaintiff has not plausibly alleged facts supporting these above elements. He has not alleged a meeting of the minds, an agreement among the defendants, or a conspiratorial objective.

Moreover, Plaintiff has not attempted to show that the violation of law is clearly established.  Defendants argued that they were entitled to qualified immunity as to the conspiracy

claim. When a defendant raises the issue of qualified immunity, the burden to show a violation of clearly established law falls on the Plaintiff, even at the Rule 12(b)(6) stage and when Defendants' argument is minimal.  *See Hunt v. Montano*, 39 F.4th 1270, 1284–85 (10th Cir. 2022).  When a conspiracy claim has been asserted, the Tenth Circuit has held that the *conspiracy* portion must be clearly established. *Frasier v. Evans*, 992 F.3d 1003, 1034 (10th Cir. 2021) (noting cited cases for clearly established analysis "did not have at issue any allegations of an unlawful conspiracy."). Here, Plaintiff has not attempted to cite to any cases demonstrating that Defendants actions in the conspiracy claim constitute a violation of clearly established law.  Even if this burden – which falls on Plaintiff – instead fell on the district court, the Court notes that it was unable to find any such examples under published Tenth Circuit and United States Supreme Court precedent. Nor does the clear weight of authority outside this circuit demonstrate that the right was clearly established. Therefore, Defendants are entitled to qualified immunity as to the conspiracy claim.

## CONCLUSION

The Court overrules in part Defendants' objections to the PFRD and adopts the PFRD in part. The motion to dismiss is granted in part and denied in part. The Court dismisses with prejudice Plaintiff's claims that attack the probable cause finding underlying the Florida charges, the Florida criminal judgment, or the loss of liberty from facing prosecution in Florida. The Court also finds that Defendants are entitled to qualified immunity as to the claim alleging a conspiracy to violate his extradition rights. However, the Court declines to dismiss Plaintiff's other claims regarding violation of his extradition procedural rights.

Based on the Court's *de novo* review of the record relevant to Defendants' objections and after reviewing *de novo* the relevant law, the Court finds the following order should be entered:

**IT IS ORDERED** that:

(i) Defendants' Objection to the PFRD (Doc. 150) is **OVERRULED** in part;

(ii) the magistrate judge's PFRD (Doc. 149) is **ADOPTED** in part; and

(iii) Defendants' Motion to Dismiss (Doc. 140) is **GRANTED in part**, and the Court dismisses with prejudice Plaintiff's claims that attack the probable cause finding underlying the Florida charges or the Florida judgment and the claim alleging a conspiracy to violate his extradition rights; Defendants' Motion to Dismiss is otherwise **DENIED in part** and Plaintiff's claims regarding violation of his extradition rights will remain.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE