IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ALLEN SKINNER,

    Plaintiff,

v.                                                              No. 1:22-cv-0901 KWR/DLM

LORENZO MATA and
MARKA SALAS,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER is before the Court on Plaintiff Robert Skinner's Motion to Reopen Case and Transfer (Doc. 183), Motion for Leave to file Fifth Amended Complaint (Doc. 184), Motion for Case Acceptance (Doc. 187), Motion for Service (Doc. 188), Motion Requesting Martinez Report (Doc. 189), and Motion to Proceed (Doc. 193). For the reasons discussed herein, I recommend **denying** the Motion to Amend (Doc. 184), **denying** the Motion for Case Acceptance (Doc. 187), and **denying as moot** the remaining motions (Docs. 183; 188–89; 193).

**I.       Relevant Background**

On April 25, 2022, Skinner filed a lawsuit in the United States District Court for the Middle District of Florida. (*See* Doc. 1.) He brought claims pursuant to 42 U.S.C. § 1983 for violations of his extradition rights, naming the following defendants: William G. Prummell Jr. and designated employees, Lorenzo Mata and designated employees, the Charlotte County Sheriff's Office Transport Warrant Division, the Guadalupe County Sheriff's Office Transport Warrant Division, and Marka Salas. (Doc. 2.) He filed an Amended Complaint on May 20, 2022. (Doc. 17.) On June

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, United States District Judge Kea W. Riggs referred this case to the undersigned "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 185.)

1

14, 2022, United States Magistrate Judge Mac R. McCoy ordered Skinner to amend his complaint, as "it [was] not possible for the Court to determine whether [Skinner] state[d] a claim upon which relief may be granted." (Doc. 22 at 1.) The Court noted that the Amended Complaint did not comply with Federal Rules of Civil Procedure 8 and 10. (*See id.*)

Skinner filed his Second Amended Complaint on July 6, 2022, naming Prummell, Mata, the Charlotte County Sheriff's Office, and the Guadalupe County Sheriff's Office. (Doc. 31.) On November 21, 2022, United States District Judge John L. Badalamenti entered an order dismissing Prummell and the two sheriff's office defendants for failure to state a claim. (*See* Doc. 51 at 1.) Because Mata was the only remaining defendant named in the Second Amended Complaint, Judge Badalamenti ordered the case be transferred to the District of New Mexico pursuant to 28 U.S.C. § 1391(b). (*See id.* at 12–13.)

On April 17, 2023, following transfer to the District of New Mexico, Skinner filed a Third Amended Complaint, naming only Mata and Salas as defendants. (Doc. 69.) On May 2, 2023, United States District Judge Kea W. Riggs screened the Third Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 71.) Judge Riggs found Skinner failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and gave him leave to file a Fourth Amended Complaint. (*See id.* at 12.) Skinner filed his Fourth Amended Complaint on May 31, 2023, again bringing claims only against Mata and Salas for violation of his extradition rights, as well as claims that implicated the Florida judgment. (*See* Doc. 80; *see also* Docs. 149 at 15–16; 158 at 21–23.)

On April 8, 2024, Mata and Salas moved to dismiss. (Doc. 140.) On August 7, 2024, the Court granted in part the motion to dismiss. (Doc. 158.) The Court found that Skinner plausibly alleged a violation of clearly established law regarding New Mexico's extradition statute and thus denied the motion to dismiss on that issue. (*See id.* at 10–21.) The Court dismissed with prejudice

the remaining claims in the Fourth Amended Complaint. (*See id.* at 21–25.)

On September 19, 2024, Defendants sent Skinner an offer of settlement. (*See* Doc. 179 at 1 (citing Doc. 175).) Skinner sent a counteroffer on October 28, 2024, and the following day Defendants moved to stay the case pending settlement negotiations. (*See id.* at 1–2.) The Court granted the motion to stay (*see* Doc. 180), and on December 9, 2024, Judge Riggs entered a Stipulated Order of Dismissal with Prejudice (Doc. 182).

On March 13, 2025, Skinner filed a Motion to Reopen Case and Transfer. (Doc. 183.) Skinner states that he "does not wish to bring" additional claims against Lorenzo Mata or Marka Salas but instead seeks to file a Fifth Amended Complaint to bring related against other defendants. (*Id.* at 2–3; *see also* Doc. 184.) In his proposed Fifth Amended Complaint, Skinner names as defendants the Sheriff of Curry County, New Mexico; Curry County Sherriff's Office/Detention Center employee(s);[2] Assistant State Attorney Caitlin Sorenson in Punta Gorda, Florida; Charlotte County, Florida Sheriff William G. Prummell, Jr.; Charlotte County Sheriff's Office employee(s); Blue Raven Services, LLC (Blue Raven); and Dwayne Clark. (*See* Doc. 186 at 1.) Skinner asserts claims for, inter alia, violation of extradition procedures; false arrest; false imprisonment; and due process violations. (*Id.* at 6.)

## II.    Legal Standards

Skinner's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Still, the Court may not "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

---

[2] Skinner names "Curry County Sheriff's Office, et. al (unknown agents) (C.C.A.D.C.), which I understand to reference the Curry County Adult Detention Center. (Doc. 186 at 1.)

Skinner moves to "reopen" his lawsuit to revive claims against two defendants dismissed before the case was transferred to this district (Prummell and the Charlotte County Sheriff's Office) and to add new related claims and defendants. (*See* Docs. 183–84; 186.) Before moving to the merits, I must first untangle the timing of his motions and the procedural posture of this lawsuit.

Although the Court entered a Stipulated Order of Dismissal with Prejudice on December 9, 2024, the Court did not enter a separate final judgment. (*See* Doc. 182.) The Tenth Circuit has explained that "every judgment must be set out in a separate document" under Federal Rule of Civil Procedure 58(a). *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1170 (10th Cir. 2013) (citing Fed. R. Civ. P. 58). In the event that a court does not enter a final judgment, "a judgment is deemed 'entered' 150 days after the order disposing of the case is entered on the civil docket." *Id.* at 1170–71 (citing Fed. R. Civ. P. 58(c)(2)); *see also Harvey-Burgin v. Sprint/United Management Co.*, 280 F. App'x 767, 769 (10th Cir. June 6, 2008) ("[b]ecause no separate Rule 58 judgment was entered, the time to appeal did not begin to run until 150 days after entry of the order" approving the settlement) (citing Fed. R. Civ. P. 58(c)(2)(B)).

In *Harvey-Burgin*, the district court entered an order approving a class-action settlement but "did not enter a separate Rule 58 judgment." 280 F. App'x at 768–69 (citing Fed. R. Civ. P. 58(a)). Approximately four months later, one of the opt-in plaintiffs "filed a motion seeking an extension of time to file an appeal." *Id.* at 769. "The district court denied the motion" on the basis that it "was not filed within 60 days of the" order approving the settlement. *Id.* The Tenth Circuit held that the district "court's order approving the settlement [did] not satisfy the [separate-document] requirement[] of [Rule] 58." *Id.* (gathering cases).

Similarly here, the Court entered a stipulated order approving the parties' settlement but did not enter a separate final judgment. (*See* Doc. 182.) As there are no circumstances that fit

4

within one of the exceptions to the separate-document requirement under Rule 58(a)(1)–(5), the Court's stipulated order does not constitute a final judgment under the rules. *See Walters*, 703 F.3d at 1170 (noting that "[a] judgment is thus not considered 'entered' until the district court has satisfied the separate-document requirement"). And as fewer than 150 days have passed since entry of the stipulated order of dismissal, judgment is not deemed to be entered in this case.

Had Skinner filed his motions after entry of final judgment or after 150 days passed from the stipulated order of dismissal, the Court would analyze them under either Federal Rule of Civil Procedure 59(e), if the motions were filed within 28 days of entry of judgment, or Rule 60(b), if the motions were filed more than 28 days after entry of judgment. *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 312 F.R.D. 620, 642 (D.N.M. 2015); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). As it stands, I recommend the Court deny as moot the motion to reopen (Doc. 183), analyze the motion to amend (Doc. 184) under the standards set forth in Federal Rule of Civil Procedure 15 and deny it based on undue delay, deny the motion for case acceptance (Doc. 187), and deny as moot the remaining motions (Docs. 188–89; 193).

**III.   The Court should deny Skinner's motion to amend.**

I recommend analyzing Skinner's motion to amend (Doc. 184) under the Rule 15 standard and denying it on the basis of undue delay. After a responsive pleading has been served, a party may amend their pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Although leave to amend should be "freely give[n] . . . when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the Court has discretion to deny leave to amend if there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

5

of the amendment, [or] futility of amendment," *see Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Skinner seeks leave to file a *sixth* version of his complaint. His proposed Fifth Amended Complaint outlines two claims: (1) violations of his extradition rights against all defendants (Curry County Sheriff and Sheriff's Office/Detention Center employees, Sorenson, Prummell, Charlotte County Sheriff's Office employees, Blue Raven, and Clark) (*see* Doc. 186 at 26–44); and (2) false arrest, false imprisonment, kidnapping, and loss of liberty against Blue Raven and Clark (*see id.* at 45–50). The facts and circumstances alleged in the proposed Fifth Amended Complaint are not new. In fact, Skinner has alleged the same or similar facts and/or defendants in previous iterations of his complaint. (*See* Docs. 2; 17; 31; 69; 80.)

In Count 1, Skinner brings a claim for violations of his extradition rights against all Defendants. (*See* Doc. 186 at 26.) Skinner asserted the same or similar claims against Prummell, the Charlotte County Sheriff's Office, and others in his previous complaints. (*See* Docs. 2; 17; 31; 69; 80.) And while he did not name the Curry County Sheriff's Office/Detention Center, Sorenson, Blue Raven, or Clark as defendants in his previous complaints, he *did* include allegations relevant to each one. (*See, e.g.*, Docs. 2 at 7–8 (discussing Blue Raven and Clark); 31 at 7–8 (discussing Sorenson and a stay at the "Cray/Clay County Jail" from November 16–17, 2021); 80 at 25 (discussing "Curry [County] N.M. Jail") *see also* Doc. 186 at 10 (referencing a stay at the Curry County Jail on November 16, 2021[3]).)

In Count 2, Skinner brings claims for false arrest/imprisonment, kidnapping, and loss of liberty against Blue Raven and Clark. (*See* Doc. 186 at 45.) Skinner did not explicitly include these claims in past iterations of his complaint, but he did make related allegations against the same

---

[3] Skinner asserts that "Cray/Clay County" is in Texas. (Doc. 31 at 8.) Curry County is in New Mexico, but it borders Texas.

6

defendants. In the original complaint, for example, he alleged that Blue Raven/Clark picked him up around November 16–17, 2021, "pursuant to a 'governor's warrant'" and "extradited [him] via a 'warrant hold.'" (*See, e.g.*, Docs. 2 at 7–8.) He alleged that he "convinced agent Clark that [he] was being extradited contrary to his [state and federal] rights[,]" and Clark made phone calls to independently verify whether the extradition was valid. (*See id.* at 8.) Skinner asserted that Clark "told [him] that something was not right about [his] extradition and that [he] need[ed] to get a good lawyer." (*Id.*) In his Third Amended Complaint, Skinner asserted that "Clark knew of the errors and told [him he'd] probably be returning with [Clark] to New Mexico." (*See* Doc. 69 at 22.) Skinner made similar allegations in all other versions of his complaint. (*See* Doc. 17 at 7–9; 31 at 8–9; 69 at 20–22; 80 at 18, 25–27.)

I recommend finding that Skinner's attempt to add these defendants and claims at this late date constitutes undue delay. "Undue delay alone, [even without] a showing of prejudice, is a sufficient ground for denial of a motion to amend by the trial court." *Heard v. Bravo*, No. CV 13-1236 KG/WPL, 2015 WL 13658597, at *1 (D.N.M. Aug. 24, 2015) (citing *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987)). In analyzing this factor, the Court should "consider whether the movant can provide an adequate explanation for the delay." *Id.* at *2 (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995)) (subsequent citations omitted).

In *Heard*, for example, the plaintiff filed the lawsuit on December 27, 2013, and filed motions to amend on May 12, 2014, February 13, 2015, February 17, 2015, and finally on June 17, 2015, approximately 18 months after he originally filed suit. *See id.* (citations omitted). The court denied the motion, noting that the proposed amended complaint involved "the same set of facts as the original complaint" and the plaintiff did "not provide any explanation for the delay."

*Id.* (quotation marks and citation omitted). In *McKnight v. Kimberly Clark Corp.*, the Tenth Circuit affirmed the district court's denial of a motion to amend where the plaintiff, without explanation, filed the motion one year after the original complaint and "was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint." 149 F.3d 1125, 1130 (10th Cir. 1998).

Here, Skinner filed his original lawsuit on April 25, 2022, and he has filed four amendments to his original complaint. (Docs. 2; 17; 31; 69; 80.) Now, almost three years later, he seeks to file a sixth version, re-adding two previously-named defendants and adding new defendants and claims that involve the same set of facts. Critically, Skinner has referenced the relevant defendants and facts throughout this lawsuit, and he offers absolutely no explanation for why he could not have included these proposed changes in any previous amendment. As in *Heard*, Skinner's prior complaints "indicate that he was aware, or should reasonably have been aware, of the information underlying his proposed amendment at the time he filed the complaint." *See* 2015 WL 136658597, at *2.

Skinner has received five previous shots at the apple, and his current motion to amend is merely an "attempt[] to use Rule 15 to amend the pleadings to make the complaint a 'moving target.'" *See id.* (quoting *Minter*, 451 F.3d at 1206). To grant Skinner's request to screen a sixth version of his complaint on issues he clearly knew about and could have asserted previously would contravene the Court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. Moreover, were the Court to grant the motion, the newly-named defendants would receive notice of this lawsuit more than three years after the events at issue. (*See* Doc. 186 at 5 (noting that the incident occurred between November 16–22, 2021).) This delay is unacceptable, undue, and prejudicial to the proposed new defendants. *See,*

*e.g.*, *Tracy v. Stephens*, No. 1:21-CV-0152 TC/CMR, 2023 WL 6627076, at *7 (D. Utah July 21, 2023), *R&R adopted*, 2023 WL 6307425 (D. Utah Sept. 28, 2023). Thus, I recommend the Court exercise its discretion to deny Skinner's motion to amend due to his undue delay.

### IV. The Court should deny Skinner's remaining motions.

I recommend the Court deny Skinner's remaining motions as follows. The Court may deny as moot the motions to reopen (Doc. 183), the motion for service (Doc. 188), the motion for discovery (Doc. 189), and the motion to proceed (Doc. 193).

Skinner also moves, in the alternative, for the Court to accept the proposed Fifth Amended Complaint as a new lawsuit and to open a new suit as of the date of his Motion for Case Acceptance. (Doc. 187 at 1.) Skinner offers no authority to support the requested relief, and I recommend denying the motion.

### V. Alternatively, the Court may deny Skinner's motions on other grounds.

#### A. Skinner fails to demonstrate grounds to grant his motions under Rule 59(e).

Should the Court choose to consider Skinner's motions to reopen or amend as interlocutory motions seeking reconsideration of the stipulated order of dismissal (Doc. 182) or Judge Badalamenti's Order dismissing Prummell and the Charlotte County Sheriff's Office (Doc. 51), I recommend analyzing them under Federal Rule of Civil Procedure 59(e) and denying them. Again, because there has been no separate final judgment entered, Skinner's motions are considered "interlocutory motion[s] invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). The Court's authority to reconsider interlocutory rulings stems from Federal Rule of Civil Procedure 54(b). *See Price*, 420 F.3d at 1167 n.9.

"Rule 54(b) provides that a district court can freely reconsider its prior rulings." *See Derrick v. Standard Nutrition Co.*, No. CIV 17-1245 RB/SMV, 2019 WL 2717150, at *1 (D.N.M. June 28, 2019), *aff'd*, 829 F. App'x 857 (10th Cir. 2020) (quoting *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018)). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Id.* (quoting *Med Flight*, 2018 WL 1997292, at *5). District courts may use the standard of review to analyze motions for relief under Rule 59(e), but they are not required to do so. *Id.* (citing *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013); *Lujan v. City of Santa Fe*, 122 F. Supp. 1215, 1238 (D.N.M. 2015); *see also Med Flight Air Ambulance*, 2018 WL 1997292, at *6 (noting that "Rule 54(b) essentially allows the district court free rein in deciding what standard to use when reconsidering its prior rulings"). In *Med Flight*, for example, the Court reexamined a previous ruling in light of the "concerns of judicial economy, avoiding piecemeal litigation, and the posture of all the parties involved." *See Derrick*, 2019 WL 2717150, at *1 (quoting *Med Flight*, 2018 WL 1997292, at *6). And in *Derrick*, the Court denied the plaintiffs' motion to reconsider the grant of a summary judgment motion after it examined the Rule 59(e) factors and found the plaintiffs had "wasted judicial resources." *See id.* at *2–10.

"Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Ankeney*, 524 F. App'x at 458 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). Under this standard, Skinner fails to establish any basis to revisit the prior orders (Docs. 51; 182) or to allow an amended complaint. Skinner has not cited an intervening change in the controlling law or new evidence, nor has he outlined the need

10

to correct an error or prevent an injustice. (*See* Docs. 183–84.) Accordingly, I would recommend denying the motions to reopen (Doc. 183) and amend (Doc. 184) under the Rule 59(e) standard on an alternative basis.

Similarly, were the Court to examine Skinner's request to open a new § 1983 lawsuit as of the date of his Motion for Case Acceptance (Doc. 187) under the Rule 59(e) standard, I would also recommend denial. (Doc. 187 at 1.) He fails to articulate any justification that would satisfy the grounds to grant the motion under Rule 59(e). (*See id.*) As before, Skinner's remaining motions for service (Doc. 188), for discovery (Doc. 189), and to proceed (Doc. 193) may be denied as moot.

**B.       Skinner fails to demonstrate grounds to grant his motions under Rule 60(b).**

Should the Court find it appropriate to examine Skinner's motion to reopen under the Rule 60(b) standard, I would also recommend denying it. A litigant may obtain relief from a judgment under Rule 60(b) if he can establish:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(1)–(6). As the party seeking relief under Rule 60(b), Skinner "bears the burden of showing that relief is warranted." *See Langworthy v. Seidel*, No. 1:23-CV-1028 DHU/JFR, 2025 WL 926873, at *2 (D.N.M. Mar. 21, 2025) (citing *Horne v. Flores*, 557 U.S. 433, 447 (2009)).

11

Skinner fails to meet his burden to show relief is warranted. Skinner moves to reopen on the following basis: "rather than have to file a completely new 42 U.S.C. § 1983 [lawsuit], the Plaintiff asks this Court to grant the motion to reopen" and to screen "and/or transfer back to Florida's Middle District." (*See* Doc. 184 at 1–2.) Skinner does not argue that any of the first five reasons of Rule 60(b) apply, so the only applicable section is Rule 60(b)(6). (*See* Docs. 183–84.) "Relief under Rule 60(b) is 'extraordinary and may only be granted in exceptional circumstances.'" *Langworthy*, 2025 WL 926873, at *2 (quoting *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1241 (10th Cir. 2010)). Skinner cites no authority to demonstrate that the circumstances here—his desire to avoid filing a new lawsuit—are exceptional. Because Skinner offers no reason for the Court to exercise its "equitable power to do justice[,]" *see Van Skiver*, 952 F.2d at 1244 (quotation omitted), I recommend the Court deny the motion to reopen if analyzed under Rule 60(b).

## VI.   Conclusion

I recommend the Court analyze the motion to amend (Doc. 184) under the Rule 15 standard and deny it as untimely because of his undue delay. I further recommend denying the Motion for Case Acceptance (Doc. 187) and denying as moot the remaining motions (Docs. 183; 188–89; 193).

Alternatively, I recommend denying the motions to reopen (Doc. 183), amend (Doc. 184), and for case acceptance (Doc. 187) under the Rule 59(e) standard. If the Court opts for this route, I recommend denying as moot the remaining motions. (Docs. 188–89; 193.)

**IT IS HEREBY RECOMMENDED** that Skinner's Motion to Amend (Doc. 184) and Motion for Case Acceptance (Doc. 187) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Skinner's Motion to Reopen (Doc. 183), Motion for Service (Doc. 188), Motion Requesting Martinez Report (Doc. 189), and Motion to Proceed (Doc. 193) be **DENIED as moot**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE