# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT ALLEN SKINNER,

    Plaintiff,

vs.                                                           No. 1:22-cv-0901 KWR/DLM

LORENZO MATA and
MARKA SALAS,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Damian Martínez's Proposed Findings and Recommended Disposition ("PFRD") filed April 29, 2025 (Doc. 194), and Plaintiff's Objections to the PFRD filed May 12, 2025 (Doc. 196). The PFRD addresses Plaintiff's pending motions, which are as follows:

- Motion to Reopen Case and Transfer Back to the 11th Circuit or Allow For 5th Amended Complaint (Doc. 183);

- Motion Requesting Leave of Court to File 5th Amended Complaint (Doc. 184);

- Motion for Case Acceptance Pending Payment and Extension of Time (Doc. 187);

- Motion for Service of Complaint (Doc. 188);

- Motion Requesting Defendants to submit a Martinez Report and Produce Documents Refuting Complaint (Doc. 189); and

- Motion to Proceed (Doc. 193).

Plaintiff requests that the Court reopen the case, grant his request to amend his complaint,

and (1) allow him to assert claims against defendants whom the court already dismissed and (2) allow him to assert claims against new defendants.[1] Judge Martínez recommended that the Court deny all of the above motions. As explained below, the Court declines to "reopen" the case, whether the motion is considered as either a Rule 60 motion or an interlocutory motion to reconsider. Alternatively, the Court declines to grant Plaintiff leave to amend his complaint under Rule 15(a) because of undue delay. Therefore, the Court overrules Plaintiff's objections (Doc. 196) to the PFRD and ADOPTS in part the PFRD (Doc. 194). Plaintiff's motions are denied.

## BACKGROUND

### A.    **Plaintiff's Claims.**

This case stems from the alleged failure to follow extradition procedures under the Uniform Criminal Extradition Act ("UCEA"), set forth in N.M. Stat. Ann. § 31-4-1 *et seq.*  Plaintiff alleges that Sheriff Lorenzo Mata and his secretary Marka Salas violated his extradition rights by extraditing him without process.

In his Fourth Amended Complaint, Doc. 80, Plaintiff asserted eight claims against Defendants Mata and Salas. Plaintiff describes them as follows:

1) Surrendering Plaintiff to Demanding State in Violation of "Due Process"

2) Defendants Deprived Plaintiff of Right to Apply for Writ of Habeas Corpus

3) Surrendering Plaintiff without "Governor's Warrant" describing him as person

to be seized

4) Asylum State Governor never surrendered

5) Surrendered without being proved a fugitive

---

[1] Although Plaintiff initially requested the case be transferred back to the Middle District of Florida, he appears to have withdrawn that request.

      6) Surrendered without being formally charged in Demanding State via "Affidavit"

      7) Loss of Liberty and Freedom

      8) Conspiracy to Interfere with civil rights.

Doc. 80 at 12. Judge Martínez noted that these claims were generally duplicative, and categorized these claims as follows:

> [Plaintiff] asserts three general claims pursuant to § 1983: asserted (1) violations of his right to extradition proceedings, i.e., to have a governor's warrant issued for his arrest pursuant to N.M. Stat. Ann. § 31-4-7 and to have an opportunity to apply for a pre-extradition habeas corpus hearing based on Article IV, § 2, cl. 2 of the Constitution, 18 U.S.C. § 3182, and N.M. Stat. Ann. § 31-4-10 (*see* Doc. 80 at 13–31); (2) conspiracy to violate his right to extradition proceedings (*see id.* at 44–49); and (3) claims related to the probable cause finding underlying the Florida charges and to an alleged deprivation of his liberty and freedom under the Fifth and Fourteenth Amendments (*see id.* at 32–43).

*Skinner v. Mata*, No. 1:22-CV-0901 KWR/DLM, 2024 WL 2817569, at *2 (D.N.M. June 3, 2024). No party objected to Judge Martínez's categorization of the claims in this manner, so the Court adopted them.

      **B.**    <u>**Plaintiff was arrested and extradited.**</u>

Plaintiff alleges he was arrested in New Mexico for crimes allegedly committed in New Mexico. Fourth Amended Complaint, Doc. 80 at 13. The arresting officer learned that Florida issued a warrant for Plaintiff's arrest on June 3, 2021 on charges of burglary and theft. Doc. 80 at 13-14, 55-56, 59. On July 8, 2021, a fugitive complaint was filed in New Mexico. At a fugitive from justice arraignment, Plaintiff denied he was the person sought. Doc. 80 at 61, Exhibit D.

On September 27, 2021, a stipulated motion to dismiss the fugitive complaint was filed. The motion stated that the extradition case failed to comply with the time limits required under N.M. Stat. Ann. § 31-4-17. Doc. 80 at 68, Exhibit F. A stipulated order dismissing without prejudice the extradition case was entered. Doc. 80 at 69, Exhibit G. Plaintiff alleges that rather

than wait for the fugitive complaint to be refiled or for a Governor's warrant to be issued, Defendants initiated extradition without lawful authority. Doc. 80 at 18. Plaintiff also alleges that Defendants deprived him of the right to file a petition for a writ of habeas corpus. Plaintiff alleges that 10 days prior to extradition, Defendant Marka Salas notified Florida that Plaintiff was available for immediate pickup. Doc. 80 at 27. Plaintiff alleges that Defendants were in constant contact with the district attorney and were aware that he was not eligible for extradition. Plaintiff alleges that on November 16, 2021, an extradition agency arrived to extradite him to Florida. Doc. 80 at 25. Plaintiff alleges he was not given an opportunity to file a habeas petition challenging the fugitive complaint, as the fugitive complaint was dismissed, no Governor's warrant was issued, and a new case was not filed. Plaintiff also alleges he was not aware he was going to be extradited. Doc. 80 at 21. After Plaintiff was extradited, a *nolle prosequi* was entered in the New Mexico criminal case on November 19, 2021 "in interest of justice; as defendant has been extradited to the State of Florida on pending charges." Doc. 80 at 79, Exhibit L.

    C.    **<u>Plaintiff files a federal civil case challenging his extradition</u>.**

This civil case originated in the Middle District of Florida. On June 14, 2022, Judge Mac R. McCoy ordered Plaintiff to amend his complaint "as "it [was] not possible for the Court to determine whether [Skinner] state[d] a claim upon which relief may be granted." Doc. 22 at 1. Judge McCoy noted that the Amended Complaint did not comply with Federal Rules of Civil Procedure 8 and 10. *Id.*

Plaintiff filed his Second Amended Complaint on July 6, 2022, naming Prummell, Mata, the Charlotte County Sheriff's Office, and the Guadalupe County Sheriff's Office. Doc. 31. On November 21, 2022, United States District Judge John L. Badalamenti entered an order dismissing Prummell and the two sheriff's office defendants for failure to state a claim. *See* Doc. 51 at 1.

4

Judge Badalamenti concluded that Plaintiff did not state a claim under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Doc. 51 at 6-7. He also concluded that the Charlotte County Sherriff's office was not an appropriate defendant.

On April 17, 2023, following transfer to the District of New Mexico, Plaintiff filed a Third Amended Complaint. Doc. 69. On May 2, 2023, the Court screened the Third Amended Complaint pursuant to 28 U.S.C. § 1915A. Doc. 71. The Court found Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and gave him leave to file a Fourth Amended Complaint. *See id.* at 12. Plaintiff filed his Fourth Amended Complaint on May 31, 2023, bringing claims only against Mata and Salas for violation of his extradition rights, as well as claims that implicated the Florida judgment. *See* Doc. 80; *see also* Docs. 149 at 15–16; 158 at 21–23.

Defendants Mata and Salas moved to dismiss the Fourth Amended Complaint on similar grounds. Doc. 140. That motion was referred to Judge Martínez, who issued Proposed Findings and Recommended Disposition ("PFRD"). Doc. 149. Defendants objected in part to the PFRD. The Court adopted the PFRD and denied Defendants' motion to dismiss. Doc. 158.

The parties subsequently entered into a settlement agreement. The parties submitted the following stipulated dismissal order for the Court to enter.

> THIS MATTER having come before the Court on the Parties' Joint Motion to Dismiss with Prejudice, and the Court having reviewed the submission of the Parties and being otherwise fully advised finds that the Motion is WELL-TAKEN and is HEREBY GRANTED.
>
> IT IS THEREFORE ORDERED that the Complaint in this matter is hereby dismissed with prejudice.

Stipulated Order of Dismissal with Prejudice, Doc. 182 at 1. The stipulation was signed by attorney Daniel Macke for "Defendants" and by Plaintiff. All parties who appeared signed the stipulated dismissal. Although the stipulated order mentioned a motion, no motion was filed.

**D.      Plaintiff seeks leave to file Fifth Amended Complaint.**

Now, Plaintiff seeks leave to file a Fifth Amended Complaint.  Docs. 183, 184. Plaintiff states that he "does not wish to bring" additional claims against Lorenzo Mata or Marka Salas but instead seeks to file a Fifth Amended Complaint to bring claims against other defendants. *Id.* at 2–3; *see also* Doc. 184. In his proposed Fifth Amended Complaint, Plaintiff names as defendants the Sheriff of Curry County, New Mexico; Curry County Sherriff's Office/Detention Center employee(s);[2] Assistant State Attorney Caitlin Sorenson in Punta Gorda, Florida; Charlotte County, Florida Sheriff William G. Prummell, Jr.; Charlotte County Sheriff's Office employee(s); Blue Raven Services, LLC (Blue Raven); and Dwayne Clark. *See* Doc. 186 at 1. Plaintiff asserts claims for, *inter alia*, violation of extradition procedures; false arrest; false imprisonment; and due process violations. *Id.* at 6.

Notably, some of these Defendants, such as the Charlotte County Sheriff's Office and William Prummell, were previously dismissed by the Middle District of Florida before this case was transferred to this Court.  Other Defendants, such as Assistant State Attorney Caitlin Sorenson and Curry County entities, appear to be new.

## DISCUSSION

**I.      Standard for Review of Proposed Findings and Recommended Disposition**.

Plaintiff filed a limited objection to the PFRD, stating he should be allowed to file an amended complaint, but he does not address Judge Martínez's reasons for denying reconsideration. *See* Doc. 196. " 'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.' " *United*

---

[2] Plaintiff names "Curry County Sheriff's Office, et. al (unknown agents) (C.C.A.D.C.), which appears to reference the Curry County Adult Detention Center. Doc. 186 at 1.

*States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). The Tenth Circuit has adopted a firm waiver rule, where the failure to make timely and specific objections to a PFRD waives both district court and appellate review. *One Parcel*, 73 F.3d at 1059-60. The Court reviews the record relevant to the objections *de novo*. *Id.*

An objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute. *One Parcel*, 73 F.3d at 1059-60. By contrast, objections that are "nonspecific, too general, and fail[] to meaningfully address the PFRD's ultimate holding or its underlying findings and conclusions[]" may be deemed waived. *Leal v. United States*, No. CIV 22-761 JB/JFR, 2023 WL 6360864, at *4 (D.N.M. Sept. 29, 2023); *see also Shepherd v. Rios*, 2018 WL 1866111, at *1 (W.D. Okla. Apr. 18, 2018) (deeming waived objection that "d[id] not attempt to come to grips with [PFRD's] analysis or conclusions in any specific way, [but] rel[ied] for the most part on re-adopting . . . earlier arguments."). The failure to file specific objections waives *de novo* review by the district court. *See One Parcel*, 73 F.3d at 1060–61 (10th Cir. 1996).

As explained below, Plaintiff failed to specifically object to Judge Martínez's recommendation to deny reconsideration under either (1) Fed. R. Civ. P. 59 or 60, or (2) Fed. R. Civ. P. 54, if the stipulated dismissal order is considered an interlocutory order. Although Plaintiff appeared to address why he should be allowed to amend his complaint, he does not address Judge Martínez's reasoning as to why reconsideration or reopening should be denied. Therefore, Plaintiff failed to make a specific objection sufficient to preserve review by the district court. *One Parcel*,

7

73 F.3d at 1060–61 (10th Cir. 1996) (noting that failure to specifically object waives review *by the district court*).

II. **Court declines to reopen case or otherwise reconsider dismissal.**

　　A. **Stipulated Dismissal was a final order which satisfied the separate judgment rule.**

The parties voluntarily dismissed this case under Rule 41 on December 9, 2024. *See* Doc. 182. The dismissal order broadly dismissed all claims brought against Defendants. It did not limit the dismissal to certain Defendants. It was signed by all parties who entered their appearance in this case. Therefore, the Court concludes that the order was a self-effectuating Rule 41 dismissal without the need for a judgment. A stipulated dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) automatically dismisses the case, closes it, satisfies the separate judgment rule and strips the district court of jurisdiction to issue further orders.

Under Rule 41(a)(1)(A)(ii), a plaintiff can voluntarily dismiss a case "by filing ... a stipulation of dismissal signed by all parties who have appeared." "A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011), *Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir.2003) (stating that under Rule 41(a)(1)(A)(i), a "voluntary dismissal is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required") (internal quotation marks omitted); *Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir.1989) (stating that a Rule 41(a)(1)(A)(ii) stipulation "cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end.") (footnote omitted) (citations omitted). Once a Rule 41 voluntary dismissal is filed, the dismissal is self-effectuating, the Court loses

jurisdiction and subsequent orders are void. *De Leon v. Marcos*, 659 F.3d 1276, 1284 (10th Cir. 2011).

"The parties' stipulation to dismiss is self-effectuating, requiring no further action on the part of the district court to qualify as a 'final judgment.'" *Bloomquist v. Utah*, No. 24-4022, 2024 WL 3948213, at *2 (10th Cir. Mar. 29, 2024); *see Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 924 (10th Cir. 2023) (citing *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009)); *see also Mitchell v. Rocky Mountain Cancer Centers, LLP*, No. 08-1287, 315 F. App'x 725, 727 (10th Cir. 2009) (noting that plaintiff's stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1), in combination with defendant's response "stipulating to the dismissal ... without prejudice" was sufficient to serve as a Rule 41(a)(1) stipulation of dismissal); *Morris v. City of Hobart*, 39 F.3d 1105, 1109-10 (10th Cir. 1994) (noting that an administrative case closing order relating to a Rule 41(a) dismissal constitutes a final judgment that satisfies the separate document requirement of Fed. R. Civ. P. 58).

Here, the parties submitted a stipulation of dismissal signed by all parties who appeared. Doc. 182. The stipulated dismissal broadly dismissed the complaint *with prejudice*. Attorney Daniel Macke signed on behalf of "Defendants", and Plaintiff signed the stipulation. Therefore, all Defendants who appeared in the case signed the stipulated dismissal.[3]

Even assuming attorney Macke only represented Defendants Mata and Salas and only

---

[3] Plaintiff's Fourth Amended Complaint only named Marka Salas and Lorenzo Mata. As explained recently by the United States Supreme Court:
> If a plaintiff amends her complaint, the new pleading "supersedes" the old one: The "original pleading no longer performs any function in the case." 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010). Or as we put the matter over a century ago: "When a petition is amended," the "cause proceeds on the amended petition." *Washer v. Bullitt County*, 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884). So changes in parties, or changes in claims, effectively remake the suit.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35–36, 145 S. Ct. 41, 52, 220 L. Ed. 2d 289 (2025).

9

signed on their behalf, these were the only two Defendants who appeared in the case. Although other defendants were named, they were either (1) dismissed by the court *sua sponte* under 28 U.S.C. § 1915A without appearing in this case, or (2) omitted by Plaintiff in amendments to his complaint before being served.

Although the stipulated dismissal was submitted to the Court to enter as an order, it was signed by all parties who appeared, there was no motion on file, and nothing for the Court to rule on. There was no occasion for the Court to exercise discretion, such as under Rule 41(a)(2).[4] There was no dispute or issue put before the Court. *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("A voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court."). In other words, the Court ministerially entered the stipulation on the docket. Therefore, the Court concludes that the stipulated dismissal falls under Rule 41(a)(1)(A)(ii), was self-effectuating, and no separate judgment was necessary to dismiss or close the case.

Alternatively, the order was sufficient to satisfy the separate judgment rule. *see Morris v. City of Hobart*, 39 F.3d 1105, 1109-10 (10th Cir. 1994) (noting that an administrative case closing order relating to a Rule 41(a) dismissal constitutes a final judgment that satisfies the separate document requirement of Fed. R. Civ. P. 58), *cited in Bloomquist v. Utah,* No. 24-4022, 2024 WL 3948213, at *2 (10th Cir. Mar. 29, 2024). After the stipulated dismissal order was entered, there was nothing left in the case to do. The stipulated dismissal order was signed by Plaintiff and all

---

[4] The stipulated dismissal also does not fall under Rule 41(a)(2) because the parties jointly, rather than Plaintiff alone, submitted the stipulated dismissal to the Court and it was signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order…." There was no motion filed, the stipulated dismissal was signed by all parties who appeared, and the stipulated dismissal was submitted jointly by the parties, not Plaintiff.

defendants who appeared in the case and were named in the Fourth Amended Complaint.

### B. Rule 60 relief is not appropriate.

Defendant moves to reopen the case. Judge Martínez recommended that setting aside the final order was not appropriate under either Rule 59 or 60. Plaintiff did not address this argument in his response to the PFRD. On this basis alone, the Court may deny Plaintiff's motion to reopen. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Alternatively, to the extent Plaintiff's objection is not waived, the Court concludes that Plaintiff has not demonstrated a ground under Rule 60 to reopen this case.

A plaintiff may seek Rule 59 or Rule 60 relief from a voluntary dismissal under Rule 41(a). *Waetzig v. Halliburton Energy Servs., Inc.*, No. 23-971, 2025 WL 608110, at *4 (U.S. Feb. 26, 2025); *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005); *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009). Generally, a party seeking to both (1) reopen a case under Rule 59 or 60 and (2) file an amended complaint must satisfy the Rule 59 or 60 standard before the Court addresses whether to amend the complaint under Rule 15. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005).

Because more than 28 days have passed between the filing of the dismissal order and the filing of Plaintiff's motion to reopen, it appears that Rule 59 does not apply here. Fed. R. Civ. P. 59(e). Therefore, Plaintiff must resort to Fed. R. Civ. P. 60. A litigant may obtain relief from a judgment under Rule 60(b) if he can establish:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

11

>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(1)–(6). As the party seeking relief under Rule 60(b), Plaintiff "bears the burden of showing that relief is warranted." *See Langworthy v. Seidel*, No. 1:23-CV-1028 DHU/JFR, 2025 WL 926873, at *2 (D.N.M. Mar. 21, 2025) (citing *Horne v. Flores*, 557 U.S. 433, 447 (2009)).

Judge Martínez noted as follows. Doc. 194 at 12. He noted that Plaintiff failed to meet his burden to show relief is warranted under Rule 60. Plaintiff moves to reopen on the following basis: "rather than have to file a completely new 42 U.S.C. § 1983 [lawsuit], the Plaintiff asks this Court to grant the motion to reopen" and to screen "and/or transfer back to Florida's Middle District." *See* Doc. 184 at 1–2. Plaintiff does not argue that any of the first five reasons of Rule 60(b) apply, so the only applicable section is Rule 60(b)(6). *See* Docs. 183–84. "Relief under Rule 60(b) is 'extraordinary and may only be granted in exceptional circumstances.'" *Langworthy*, 2025 WL 926873, at *2 (quoting *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1241 (10th Cir. 2010)). Judge Martínez noted that Plaintiff cites no authority to demonstrate that the circumstances here—his desire to avoid filing a new lawsuit—are exceptional. Because Plaintiff offers no reason for the Court to exercise its "equitable power to do justice[,]" *see Van Skiver*, 952 F.2d at 1244 (quotation omitted), he recommended the Court deny the motion to reopen if analyzed under Rule 60(b).

Here, Plaintiff did not attempt to satisfy the Rule 60(b) standard in either his motion to reopen (Doc. 183) or in his response to the PFRD. Therefore, the Court concludes that Plaintiff has not satisfied Rule 60(b).

    **C.**    **The Court denies interlocutory reconsideration.**

Alternatively, even assuming the motion to reopen requests that the Court reconsider an interlocutory order, the Court declines to reopen the case or reconsider the dismissal of the defendants. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). Moreover, the Court has discretion to "reconsider" an interlocutory order under Fed. R. Civ. P. 54(b). *Id.* ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

The Court has discretion in deciding what standard to apply to reconsideration of an interlocutory order. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering a motion to reconsider an interlocutory order, the "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)"). In its discretion, the Court finds the Rule 59(e) framework useful here when considering a motion to reconsider an interlocutory order. *Id.*

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

However, "[Rule 59(e)] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

As above, Judge Martínez recommended that the Court has discretion to apply Rule 59(e) standards to reconsider an interlocutory order. Judge Martínez noted that Plaintiff's motion to reopen gives no reason whatsoever to reopen the case or set aside the dismissal. Judge Martínez noted that "[h]e fails to articulate any justification that would satisfy the grounds to grant the motion under Rule 59(e)." PFRD, Doc. 194. The Court agrees, and notes that Plaintiff does not address or dispute this finding in his response to the PFRD. *See* Doc. 196. Plaintiff does not explain why the dismissals were incorrect, or how his motion to amend fixes any defects in his pleading. *See* Doc. 183. Therefore, to the extent the stipulated dismissal was an interlocutory dismissal, the Court exercises its discretion and declines to reconsider its interlocutory dismissal.

### III. Court declines to grant leave to amend to file the Fifth Amended Complaint because of undue delay.

Plaintiff seeks leave to file a Fifth Amended Complaint to add new defendants as well as add back in the Defendants who were dismissed by this court or the Middle District of Florida. The Court finds that the motion to amend the complaint should be denied because of undue delay.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." "Refusing leave to amend is generally only justified upon a showing of *undue delay*, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added).

In deciding whether a delay is "undue," the Tenth Circuit "focus[es] primarily on the reasons for the delay." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). "We have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.' " *Id.* (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir.1993)).

As explained by Judge Martínez, Plaintiff seeks leave to file a *sixth* version of his complaint. His proposed Fifth Amended Complaint outlines two claims: (1) violations of his extradition rights against all defendants (Curry County Sheriff and Sheriff's Office/Detention Center employees, Sorenson, Prummell, Charlotte County Sheriff's Office employees, Blue Raven, and Clark) (*see* Doc. 186 at 26–44); and (2) false arrest, false imprisonment, kidnapping, and loss of liberty against Blue Raven and Clark (*see id.* at 45–50). As stated by Judge Martínez, "the facts and circumstances alleged in the proposed Fifth Amended Complaint are not new. Plaintiff has alleged the same or similar facts and/or defendants in previous iterations of his complaint." Doc. 194 at 6, *citing* Docs. 2; 17; 31; 69; 80.

Moreover, Plaintiff seeks to file his Fifth Amended Complaint approximately three years after this case was filed, approximately two and a half years after the Florida dismissal order (Doc. 51) was entered, and three months after this case was closed. The length of delay and the number of opportunities to amend his complaint inform the undue delay analysis. Although the length of

delay is not dispositive in itself, "[t]he longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter*, 451 F.3d at 1205 (citation and internal quotation marks omitted).

Plaintiff does not provide any reason or explanation for the delay in his motion. Doc. 183 at 3. On this basis alone, Plaintiff's motion to amend complaint may be denied.

Plaintiff explains for the first time in his response to the PFRD that he was ignorant of the law and did not know he could add Defendants to this case by moving to amend his complaint. Doc. 196. However, parties generally may not raise legal arguments for the first time in response to the PFRD. For this reason, the Court denies the motion.

Alternatively, assuming the Court must consider Plaintiff's argument raised for the first time in response to the PFRD, the Court rejects it as an inadequate explanation for the length of delay.

The focus of the undue delay inquiry in the Tenth Circuit is the explanation for the delay. However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter*, 451 F.3d at 1205 (internal citations and quotation marks omitted).

The Tenth Circuit has affirmed denial of leave to amend for undue delay based on a delay of seventeen and fourteen months after the filing of the original complaint without an adequate explanation of the delay. *Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452 (10th Cir.1991) (seventeen-month delay with insufficient explanation); *Smith v. Aztec Well Servicing Co.,* 462 F.3d 1274,

1285 (10th Cir.2006) (fourteen-month delay with "dubious assertion that until the district court's ruling at the pre-trial conference, they had no idea an amendment was necessary" was insufficient).

Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target…to salvage a lost case by untimely suggestion of new theories of recovery… to present theories seriatim in an effort to avoid dismissal, or to knowingly delay[ ] raising [an] issue until the 'eve of trial…" *Minter*, 451 F.3d at 1206 (internal citations and quotation marks omitted).

Here, the Court concludes that Plaintiff's explanation is insufficient explanation for the length of delay. Plaintiff dubiously asserts that he did not know he could file an amendment to add defendants or amend his claims as to dismissed parties. But Plaintiff previously amended his complaint to add new defendants. He also amended his complaint to fix deficiencies in his pleadings. Thus, the Court finds that Plaintiff likely knew he could amend his claims – as he filed four previous amendments.

Even assuming he did not know he could seek leave to amend his complaint, generally ignorance of the law is not a reasonable excuse for failing to file an amended complaint until three years after the case was originally filed.

Alternatively, in conducting the undue delay analysis courts have analogized to the excusable neglect standard. *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."), *quoted in Minter*, 451 F.3d at 1206. Under the excusable neglect standard, generally "inadvertence, ignorance of the rules, or mistakes construing the rules do not

17

usually constitute 'excusable' neglect..." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993). Here, Plaintiff's explanation that he did not know that he could seek leave to amend to add new defendants is dubious and not credible as he has filed multiple amended complaints adding new defendants and fixing deficient pleading.

Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice,* 893 F.2d at 1185. *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). Here, as explained by Judge Martínez, his claims are the same or substantially similar to his claims in prior version of his complaint. He provides no reason why he could not have asserted his claims earlier. Moreover, Plaintiff does not argue that his amendment is based on newly discovered *facts* or demonstrate when he learned the newly discovered facts.

Therefore, the Court denies the Motion to Reopen (Doc. 183) and the Motion to for Leave to File Fifth Amended Complaint (Doc. 184). The Court declines to grant leave to amend, and strikes the Fifth Amended Complaint (Doc. 186), which was filed without leave of the Court.

**IV.     The Court denies Plaintiff's remaining motions.**

The Court denies the remaining motions as moot, including: the motion for case acceptance (Doc. 187), the motion for service (Doc. 188), the motion for discovery (Doc. 189), and the motion to proceed (Doc. 193).

Plaintiff also moves, in the alternative, for the Court to accept the proposed Fifth Amended Complaint as a new lawsuit and to open a new suit as of the date of his Motion for Case Acceptance. Doc. 187 at 1. Plaintiff offers no authority to support the requested relief and the

Court denies the motion. The Court does not opine on whether Plaintiff may or should file any additional cases.

## CONCLUSION

The Court overrules Plaintiff's objections to the PFRD and adopts the PFRD. The Court denies Plaintiff's Motion to Reopen the case (Doc. 183) and Motion for Case Acceptance (Doc. 187), whether they are interpreted as motions to set aside a final judgment under Rule 59 or 60, or as motions to reconsider an interlocutory order. Alternatively, the Court declines to grant Plaintiff leave to file a Fifth Amended Complaint under Fed. R. Civ. P. 15 because of undue delay.[5]

**IT IS THEREFORE ORDERED** that:

- The Objections (Doc. 196) to Judge Martínez's PFRD (Doc. 194) are **OVERRULED**;

- Judge Martínez's PFRD (Doc. 194) is **ADOPTED** in part; and

- Plaintiff's Motion to Reopen Case and Transfer (Doc. 183), Motion for Leave to File Fifth Amended Complaint (Doc. 184), Motion for Case Acceptance (Doc. 187), Motion for Service of Complaint (Doc. 188), Motion Requesting Defendants to Submit a Martinez Report and Produce Documents (Doc. 189), and Motion to Proceed (Doc. 193) are **DENIED.**

---

[5] The Court enters a judgment in the alternative if the stipulated dismissal (Doc. 182) entered on December 9, 2024 is not a final order. However, if the stipulated dismissal is a self-effectuating Rule 41 dismissal, the judgment entered contemporaneously herewith maybe void. *De Leon v. Marcos*, 659 F.3d 1276, 1284 (10th Cir. 2011) (holding that Court's order on the merits was void when it was entered after the parties' stipulated dismissal, which was self-effectuating and stripped court of jurisdiction); *see also Smith v. Phillips,* 881 F.2d 902, 904 (10th Cir.1989) ("[A]n unconditional dismissal [by stipulation of the parties] terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Rule] 60(b)." (internal quotation marks omitted)).

      /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE